Andrew Panko, Petitioner *v.* Commonwealth of Pennsylvania, Public School Employees' Retirement System, Respondent.

Argued February 1, 1985, before Judges DOYLE and PALLADINO and Senior Judge BARBIERI, sitting as a panel of three.

*Anthony J. Miernicki,* for petitioner.

*Nicholas Joseph Marcucci,* Assistant Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, May 22, 1985:

Andrew Panko, a retired industrial arts teacher, appeals here the decision and order of the Public School Employees' Retirement Board (Board) which denied Panko's request to purchase nonschool service as a manual arts therapist at a Veterans Hospital to apply to his retirement credit and thereby increase his retirement benefits.

The Public School Employees' Retirement Code (Code), 24 Pa. C.S.A. §§8101-8534, provides at Section 8304(a) that an active member of the retirement system shall be eligible to receive service credit for creditable nonschool service as set forth in subsection (b). Subsection (b), and particularly subsection (b)(4) pursuant to which Panko makes his claim, provides

(b) Limitations on nonschool service — Creditable nonschool service shall be limited to:

(1) Intervening military service.

(2) Other military service not exceeding five years.

(3) Service in any public school or public educational institution in any state other than this Commonwealth or in any territory or area under the jurisdiction of the United States.

(4) *Service as an administrator, teacher, or instructor in the field of public school education for any agency or department of the government*

*of the United States whether or not such area*
*was under the jurisdiction of the United States.*

(5) Previous service as an employee of a county board of school directors which employment was terminated because of the transfer of such service or of the entire agency to a governmental agency. (Emphasis added.)

The Board found that from 1954 to 1959 Panko was employed by the Veterans Administration at its hospital in Lebanon, Pennsylvania as a manual arts therapist and later as Assistant Director of Manual Arts and was responsible for teaching new skills to or re-developing old skills of adult patients referred by the hospital doctors. The Board concluded that Panko had not demonstrated that his service at the Veterans Hospital was in the field of public school education and therefore denied Panko's request. This appeal followed.

On appeal, Panko disputes the Board's refusal to categorize rehabilitative instruction to adults within the meaning of the term "in the field of public school education" and asserts that the determinative criteria should be whether the subject matter, method of teaching, classroom environment, and overall instructional program closely parallel public school education. Panko testified at the hearing that at the hospital he taught industrial arts to patients in a classroom, gave examinations, marked tests, recorded results and made progress reports to the hospital administrators. Panko asserts that inclusion of the phrase "in the field of" prior to "public school education" in subsection (b) (4) indicates a liberal legislative intent and contemplates a much broader scope of qualifying service than if the phrase were simply "public school education."

This being a matter of first impression for appellate review and because "in the field of public school education" is not defined in the Code or in the regula-

tions promulgated pursuant to authority conferred by the Code,[1] we shall construe the term guided by the rules of construction as set forth in the Statutory Construction Act of 1972, 1 Pa. C. S. §§1501-1991, as well as case law applying those rules.

While, as a general rule, pension statutes are to be liberally construed in favor of the pensioner, the court construing the statute may consider the consequences of a particular construction whenever the statute is susceptible of more than one interpretation. *Borough of Beaver v. Liston,* 76 Pa. Commonwealth Ct. 619, 464 A.2d 679 (1983), citing Section 1921(c)(6) of the Statutory Construction Act. Also, words and phrases used in a statute are to be construed according to their common meaning and accepted usage, *Commonwealth v. Stanley,* 498 Pa. 328, 446 A.2d 583 (1982), and, in determining legislative intent, the sections of a statute must be read together and construed with reference to the entire statute. *Wilson v. Central Penn Industries, Inc.,* 306 Pa. Superior Ct. 146, 452 A.2d 257 (1982).

The Board, which is charged with execution and application of the Code, and whose interpretation should not be overturned unless it is clear that such construction is erroneous, *Spicer v. Department of Public Welfare,* 58 Pa. Commonwealth Ct. 558, 428 A.2d 1008 (1981), submits that subsection (b)(4), considered in the context of the surrounding subsections which allow credit for prior military service and prior service in the public school system at the state and county levels, must be construed to allow credit for public school service at the federal level. The Board suggests a reason for the particular phraseology in subsection (b)(4): because the federal government does not operate public schools in the traditional sense but does operate the functional equivalent of public schools on Indian res-

---

[1] 22 Pa. Code §§201.1—215.36.

ervations and military installations for example, the legislative intent implicit in subsection (b)(4) was to permit credit to teachers who have served prior as a school teacher for the federal government. The consequences of a broader interpretation, according to the Board, would mean that federal employees would receive credit for employment only vaguely similar to public school service, an absurd and unreasonable result.

Because we are persuaded by the above reasoning and because Section 8304(b) is a limiting provision, we decline to read the phrase ''in the field of public school education'' as encompassing any and all instruction on federal installations so long as subject matter, method of teaching, classroom environment, and overall instructional program parallel instruction in the public school. The plain meaning of the words ''in the field of public school education'' suggests to this Court a narrower interpretation than that suggested by Panko. As we interpret this phrase, greater similarities between the service for which a claimant claims credit and public school education are necessary; in addition to similarity of subject matter, a claimant should be able to show a similarity of goals. Public school education does not have as its goal rehabilitating mentally and physically disabled adults; public school education seeks to educate and advance children aged six to seventeen and to teach them to become responsible members of society. Thus we cannot say, as Panko would have us, that his service as a manual arts therapist was ''in the field of public school education.''

We affirm.

### ORDER

Now, May 22, 1985, the decision and order of the Public School Employees' Retirement Board is hereby affirmed.

Judge WILLIAMS, JR. did not participate in the decision in this case.