566 A.2d 343

**Marvin F. BARCKLEY, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, STATE EMPLOYES' RETIREMENT BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 15, 1989.

Decided Nov. 13, 1989.

Reargument Denied Jan. 24, 1990.

Daniel J. Menniti, Mechancsburg, for petitioner.

Richard D. Michlovitz, with him, Abbott A. Leban, Chief Counsel, Harrisburg, for respondent.

Before BARRY and SMITH, JJ., and BARBIERI, Senior Judge.

SMITH, Judge.

Marvin F. Barckley (Petitioner) seeks review of a decision of the State Employees' Retirement Board (Board) which concluded that Petitioner was not entitled to credit in the State Employees' Retirement System for his service at Kansas State University (KSU). The Board's decision is reversed.

Petitioner is currently employed at Shippensburg University as a lithographic press operator II and has been so employed since June 13, 1983. Petitioner was employed by KSU in Manhattan, Kansas from January 8, 1968 to October 1, 1979 in the positions of pressman apprentice, bookbinder, print shop technician, pressman and lithographer. Upon termination of his employment at KSU, Petitioner, a member of the Kansas Public Employees' Retirement System, withdrew his donations of $4,758.03. On September 5, 1986, Petitioner requested the Board to permit him to purchase the service rendered at KSU. On October 27, 1986, Petitioner was informed that his request was rejected because his service at KSU did not qualify for a service purchase under Section 5304(c)(3) of the State Employees'

Retirement Code (Code), 71 Pa.C.S. § 5304(c)(3). Board Findings of Fact, No. 11.

On November 5, 1986 Petitioner filed an appeal. In lieu of submitting evidence at the administrative hearing, the attorneys for both Petitioner and the Board agreed that there was no factual dispute in this case and therefore stipulated to a series of facts. The hearing examiner recommended that Petitioner's request for purchase of out-of-state service be denied under Section 5304(c)(3). In affirming the denial, the Board concluded that Petitioner's present position (lithographic press operator) did not fall within the qualifying services of administrator, teacher or instructor.

The issue before this Court[1] is whether Section 5304(c)(3) permits persons of active membership in the Public School Employees' Retirement System other than an administrator, teacher or instructor in the field of education to purchase credit for service as an officer or employee of the Department of Education of another state. Section 5304(c)(3) states that:

Creditable nonstate service credit shall be limited to:

. . . .

(3) *service in any public school or public educational institution in any state other than this Commonwealth* or in any territory or area under the jurisdiction of the United States; *or service as an administrator, teacher, or instructor* in the *field of education* for any agency or department of the government of the United States, whether or not such area was under the jurisdiction of the United States, *the total of such service not exceeding the lesser of ten years or the number of years of active membership in the system, as an officer or employee of the Department of Education or as an administrator, teacher, or instructor employed* in any State-owned edu-

---

**1.** This Court's scope of review is limited to determining whether the findings of fact were supported by substantial evidence, errors of law were committed or constitutional rights were violated. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

cational institution or The Pennsylvania State University. (Emphasis added.)

Before Petitioner's arguments are addressed, it is worth noting that the hearing examiner concluded that Petitioner's service in a public education institution, KSU, was one of the two types of services available for credit as provided in Section 5304(c)(3). The hearing examiner correctly divided these services into:

> (1) Service in any public school or public education institution in any state other than this Commonwealth or in any territory or area under the jurisdiction of the United States; and (2) Service as an administrator, teacher, or instructor in the field of education for any agency or department of the government of the United States.

Hearing Examiner Opinion, p. 5. Despite this analysis, the hearing examiner concluded that Petitioner was not eligible to purchase credit for his KSU service because his present position as a printer at Shippensburg University, a state-owned educational institution, was not that of an administrator, teacher, or instructor. The Board went one step further and concluded not only that Petitioner could not purchase his out-of-state service since he was not currently employed by the Department of Education as an administrator, teacher or instructor, but also that Petitioner's service in another state was not creditable nonstate service since he was not employed in another state as an administrator, teacher or instructor.

Petitioner initially argues that Section 5304(c)(3) clearly and unambiguously permits him to purchase his out-of-state service at KSU and credit it to his service as a lithographic press operator in this Commonwealth[2] and that Sections

2. Section 5102 of the Code, 71 Pa.C.S. § 5102, defines state employee as:

> any person holding a State office or position under the Commonwealth, employed by the State Government of the Commonwealth, in any capacity whatsoever, except an independent contractor or any person compensated on a fee basis, and shall include members of the General Assembly, and any officer or employee of the following:

1901–1991 of the Statutory Construction Act of 1972, 1 Pa.C.S. §§ 1901–1991, supports this interpretation. Thus, Petitioner contends that the Board's interpretation violated the principles of statutory construction and must be reversed.

The first question to be resolved by this Court is whether Section 5304(c)(3) is clear and free of ambiguity. *See Philadelphia Housing Authority v. Commonwealth of Pennsylvania Labor Relations Board*, 508 Pa. 576, 499 A.2d 294 (1985). There is no doubt that Section 5304(c)(3) limits the opportunities to purchase creditable nonstate service credit. Section 5304(c)(3) is further limited by the eligibility requirements set forth at Section 5304(a) to an active member or multiple service member who is a school employee and an active member of the Public School Employees' Retirement System. This Court therefore finds no ambiguity in the statutory language which provides that creditable nonstate service credit shall be limited to service in any public school or public educational institution in any state other than this Commonwealth.

The Board would require this Court to disregard clear language of the statute and give effect to only one of its provisions, citing *Panko v. Public School Employees' Retirement System*, 89 Pa.Commonwealth Ct. 419, 492 A.2d 805 (1985). The statutory language relied upon in *Panko*[3] was not the same as that relied upon by the Board here nor can this Court accept the Board's argument that the word "or" preceding the words "service as an administrator, teacher, or instructor in the field of education" should be interpreted as "and". The legislature enacts a statute so that every word and phrase may be given effect. 1 Pa.C.S.

(1)(i) The Department of Education.
(ii) State-owned educational institutions.

3. *Panko* relied upon Section 8304(b)(4) of the Public School Employees' Retirement Code, 24 Pa.C.S. § 8304(b)(4) which provides: "[C]reditable nonschool service shall be limited to service as an administrator, teacher, or administrator in the field of public school education for any agency or department of the government of the United States whether or not such area was under the jurisdiction of the United States."

§ 1921(a). Moreover, when the words of a statute are clear and free of ambiguity, this Court cannot disregard the letter of the law under the pretext of pursuing its spirit. 1 Pa.C.S. § 1921(b). The Board's interpretation defies the plain meaning of the word "or" defined as "a disjunctive participle which means one or the other of two propositions; never both." *Commonwealth of Pennsylvania v. Giugliano*, 351 Pa.Superior Ct. 162, 505 A.2d 317 (1986).

The Board also concluded that Petitioner's position at Shippensburg University disqualified him from purchasing credit because he did not presently maintain a position in the Department of Education as an administrator, teacher, or instructor. This argument must also fail. The clear language of Section 5304(c)(3) states that Petitioner can receive credit for "the total of such service not exceeding the lesser of ten years or the number of years of *active membership in the system, as an officer or employee of the Department of Education."* (Emphasis added.) This language specifically enables Petitioner, an employee of the Department of Education, to purchase credit for his service at KSU. There is no doubt that Petitioner is a school employee and an active member of the Public School Employees' Retirement System and thus eligible to purchase nonstate credit service for the lesser of ten years or the number of years of active membership in the system. *See* 24 Pa.C.S. § 8102.

The Board's interpretation of Section 5304(c)(3) violates the plain meaning of the statute, and its decision must therefore be reversed.

## ORDER

AND NOW this 13th day of November, 1989, the decision of the State Employes' Retirement Board is reversed.