# Commonwealth v. Leuthe

*Wieslaw T. Niemoczynski, township solicitor,* for the Commonwealth.

*Leonard N. Zito,* for defendant.

O'BRIEN, *J.,* March 20, 1991—On October 29, 1990, defendant was found guilty of violations of the Clean Streams Act by a district justice and sentenced to pay fines totaling $800 and costs and attorneys fees. Defendant filed an appeal from the summary convictions with this court requesting a trial de novo. Defendant also filed a "pretrial motion to dismiss" alleging that the township solicitor did not have the standing to bring the prosecution, that an award of counsel fees was improper and that the statutory provisions charged failed to define any criminal offense. Following the submission of briefs by both parties and argument before the court on March 4, 1991, defendant's pretrial motion to dismiss is now before the court for disposition.

On May 12, 1990, the Eldred Township Sewage Enforcement Officer gave written notice to defendant of a violation of the Clean Streams Law. When the Department of Environmental Resources failed to take any action in response to the violation notice, the Eldred Township solicitor advised the Attorney General's Office that it would proceed to take enforcement action against defendant. In fact, the township solicitor filed both misdemeanor and

summary charges. The district justice found defendant guilty of summary offenses but did not make a prima facie finding with respect to the misdemeanor charges. Therefore, the proceedings in this court will be limited to a consideration of the summary charges. We reject the township's request for this court to reinstate the misdemeanor charges.

Defendant's motion to dismiss is based on several statutory provisions of the Clean Streams Act. Defendant cites 35 P.S. §691.5(b)(6) as granting the DER sole criminal enforcement authority under 15 P.S. §691.1. Defendant also cites section 691.604 as conferring on the DER exclusion power to investigate complaints and take appropriate action, including initiating criminal proceedings. Section 691.5(b)(6) reads:

"(b) The department shall have the power and its duty shall be to:

"(6) Receive and act upon complaints."

Section 691.604 provides:

"§691.604. *Complaints; investigations*

"Upon complaint made in writing by any responsible person to the department, it shall be the duty of the department through its agents to investigate any alleged source of pollution of the waters of the Commonwealth, and to institute appropriate proceedings under the provisions of this act to discontinue any such pollution if the offense complained of constitutes a violation of the provisions of this act."

In determining legislative intent, sections of a statute must be read together and construed with reference to the entire statute. *Panko v. Commonwealth Public School Employee's Retirement System,* 89 Pa. Commw. 419, 492 A.2d 805 (1985). Therefore, we must also consider the following provision:

"§691.701. *Existing rights and remedies preserved*

"The collection of any penalty under the provisions of this act *shall not be construed as estopping the Commonwealth, or any district attorney or solicitor of a municipality, from proceeding in courts of law or equity to abate pollutions forbidden under this act,* or abate nuisances under existing law. It is hereby declared to be *the purpose of this* act to *provide additional and cumulative remedies to abate the pollution of the waters of this Commonwealth,* and nothing in this act contained shall in any way abridge or alter rights of action or remedies now or hereafter existing in equity, or under the common law or statutory law, *criminal or civil,* nor shall any provision in this act, or the granting of any permit under this act, or any act done by virtue of this act, be construed as estopping the Commonwealth, persons or municipalities, in the exercise of their rights under the common law or decisional law or in equity, from proceeding in courts of law or equity to suppress nuisances, or to abate any pollution now or hereafter existing, or enforce common law or statutory rights."

Section 691.601 provides further statutory authority for the township to proceed.

"§691.601. *Abatement of nuisances; restraining violations*

"(a) Any activity or condition declared by this act to be a nuisance or which is otherwise in violation of this act, shall be abatable in the manner provided by law or equity for the abatement of public nuisances. In addition, suits to abate such nuisances or suits to restrain or prevent any violation of this act may be instituted in equity or at law in the name of the Commonwealth upon relation of the Attorney General, or upon relation of any district attorney of any

county, or upon relation of the solicitor of any municipality affected, after notice has first been served upon the Attorney General of the intention of the district attorney or solicitor to so proceed.''

In view of the above statutory provisions, defendant's challenge to the township solicitor's right to initiate this prosecution is clearly without merit.

Defendant also argues that the Clean Streams Law does not "define criminal offenses which can result in criminal prohibitions and/or sanctions." However, 35 P.S. §691.201 specifically prohibits any person from discharging any sewage into any waters of the Commonwealth and 35 P.S. §691.202 specifically prohibits any such discharge without an appropriate permit. Further 35 P.S. §691.602 imposes specific penalties for violation of the foregoing provisions. Clearly, therefore, the Clean Streams Law has an effective standard of prohibited activity and penalties for violations thereof.

Defendant's final argument pertains to the imposition of attorneys fees by the district justice following the conviction. Since this appeal entitles defendant to a hearing de novo before this court, the issue of penalty or costs imposed by the district justice is not properly before this court at this time.

## ORDER

And now, March 20, 1991, it is ordered as follows:

(1) Defendant's pretrial motion to dismiss is denied.

(2) Trial de novo before this court shall be held on April 18, 1991 at 1:30 p.m. in Courtroom no. 2, Monroe County Courthouse, Stroudsburg, Pennsylvania.