Eugene P. HAWKINS, Petitioner,

v.

UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.

Commonwealth Court of Pennsylvania.

Argued April 9, 1997.

Decided June 12, 1997.

F. Cortez Bell, III, Clearfield, for petitioner.

Judith M. Gilroy, Harrisburg, for respondent.

Before COLINS, President Judge, and McGINLEY, SMITH, PELLEGRINI, FRIEDMAN, KELLEY and LEADBETTER, JJ.

SMITH, Judge.

Eugene P. Hawkins (Claimant) petitions for review of an order of the Unemployment Compensation Board of Review (Board) af-

firming a decision of the referee who denied Claimant benefits pursuant to Section 3 of the Unemployment Compensation Law (Law).[1] Claimant argues that his conduct, under the particular circumstances of this case, was not contrary to acceptable standards of behavior and that his conduct would not have an adverse impact upon his ability to perform his job; therefore, unemployment compensation benefits were improperly denied.

The Board argues that Claimant's criminal conviction for welfare fraud conclusively establishes that his conduct was contrary to acceptable standards of behavior and that his conduct adversely impacted upon his ability to perform as a corrections officer. This case was reargued before the Court en banc pursuant to the Court's December 18, 1996 order granting the Board's application for reargument and withdrawing the earlier panel opinion entered in the case.

Claimant worked as a Corrections Officer for the Clearfield County Prison (Employer) for approximately four years until his termination on November 8, 1995. By complaint dated September 25, 1995, Claimant and his wife were charged with welfare fraud under Section 481 of the Public Welfare Code, Act of June 13, 1967, P.L. 31, *as amended,* 62 P.S. § 481.[2] Claimant and his wife signed an

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 752.

2. Section 481, relating to false statements, investigation and penalty, provides in pertinent part:

 (a) Any person who, either prior to, or at the time of, or subsequent to the application for assistance, by means of a wilfully false statement or misrepresentation, or by impersonation or by

 Amount of Assistance
 or Food Stamps

 $3,000 or more
 . . .
 $ 999 and under, or an attempt
 to commit any act prohibited in
 subsection (a)

Pursuant to 42 Pa.C.S. § 1515(a)(7) (relating to jurisdiction and venue), jurisdiction over cases graded a misdemeanor of the third degree under this section shall be vested in district justices.

 (c) Any person committing a crime enumerated in subsection (a) shall be ordered to pay restitution of any moneys received by reason of

wilfully failing to disclose a material fact regarding eligibility or other fraudulent means, secures, or attempts to secure, or aids or abets or attempts to aid or abet any person in securing assistance, or Federal food stamps, commits a crime which shall be graded as provided in subsection (b).

 (b) Any person violating subsection (a) commits the grade of crime determined from the following schedule:

 Degree of Crime

 Felony of the third degree
 . . .
 Misdemeanor of the third degree

any false statement, misrepresentation, impersonation, failure to disclose required information or fraudulent means. Restitution ordered under this subsection may be paid in lump sum, by monthly installments or according to such other

application for welfare benefits submitted to the Department of Public Welfare without making required disclosure of the wife's stock ownership or dividend income. Claimant testified that he signed the application with the understanding that his wife would determine how to report income from her stock holdings when she filed the application; the wife apparently neglected to follow through. They were originally charged with a felony violation, but pursuant to a plea agreement, Claimant pled guilty to a misdemeanor of the third degree before a district justice on November 1, 1995 and immediately paid restitution of $14,696.70. Claimant felt that he had no choice but to enter the plea.

 Counsel for Claimant notified Employer of the entry of Claimant's guilty plea, and by resolution dated November 9, 1995, the Clearfield County Prison Board terminated Claimant's employment. The Job Center denied Claimant's application for benefits under the provisions of Section 3 of the Law and Section 402(e), 43 P.S. § 802(e). Upon appeal the referee affirmed the Job Center but modified its decision to deny compensation solely under Section 3 of the Law. Claimant appealed to the Board which affirmed the referee without opinion.[3] This Court's scope of review of the Board's decision is limited to determining whether an error of law was committed, whether constitutional rights were violated or whether necessary findings of fact are supported by substantial evidence. *Croft v. Unemployment Compensation Board of Review*, 662 A.2d 24 (Pa.Cmwlth.1995).

### I.

 To deny a claimant benefits under Section 3 of the Law, the employer must satisfy a two-prong test enunciated in *Unem-*

*ployment Compensation Board of Review v. Derk*, 24 Pa.Cmwlth. 54, 353 A.2d 915 (1976). The employer must establish that the claimant's conduct was contrary to acceptable standards of behavior and that the conduct in question directly reflects upon the claimant's ability to perform his or her assigned duties.

As to the first prong of the *Derk* test, Claimant concedes that welfare fraud is the type of conduct that is contrary to acceptable standards of behavior. On the other hand, Claimant argues that he should be allowed to explain the actual circumstances of his plea agreement to prove that he is innocent of welfare fraud.[4] The Board counters that Claimant's conviction is conclusive proof of his conduct and that the conviction cannot be attacked in this proceeding.

In *Hurtt v. Stirone*, 416 Pa. 493, 206 A.2d 624, *cert. denied*, 381 U.S. 925, 85 S.Ct. 1561, 14 L.Ed.2d 684 (1965), the Pennsylvania Supreme Court first adopted the rule that a criminal conviction collaterally estops a defendant from denying his or her acts in a later civil trial. There the Supreme Court overruled prior case law which held that criminal convictions were not admissible in civil cases. The court stated the principle that, once guilt has been established by a judge or jury, a defendant may not collaterally attack "a major criminal conviction" in a civil case, unless it can be shown that the conviction was obtained by fraud, perjury or by some other sufficient error. The court distinguished this rule from "relatively minor matters such as traffic violations, lesser misdemeanors, and matters of like import." *Id.*, 416 Pa. at 499, 206 A.2d at 627. In such situations expediency or convenience, as opposed to guilt, may control the defendant's trial strategy. *Id.*

schedule as is deemed just by the sentencing court....

3. Section 3 states that the public policy of the Commonwealth is to provide security against unemployment for employees during periods when they "become unemployed through no fault of their own." Section 3 is applied to cases involving non-work-related misconduct. *Gillins v. Unemployment Compensation Board of Review*, 534 Pa. 590, 633 A.2d 1150 (1993).

4. Claimant also argues that he cannot be held vicariously liable for the actions of others, citing *Department of Auditor General v. Unemployment Compensation Board of Review*, 86 Pa.Cmwlth. 262, 484 A.2d 834 (1984), and *Stickloon v. Unemployment Compensation Board of Review*, 82 Pa. Cmwlth. 223, 475 A.2d 893 (1984). Both cases are factually distinguishable. In each case, the claimant was discharged due to the acts of third parties; neither claimant was convicted of a crime resulting from those acts.

The Supreme Court addressed the issue again in *Folino v. Young*, 523 Pa. 532, 568 A.2d 171 (1990). In *Folino* the court explained that the rule against collateral attack of criminal convictions applies where the party had adequate incentive to contest the criminal charge and an adequate forum in which to litigate the matter. The potential loss of substantial property or of liberty provides adequate incentive to contest a criminal charge. *Id.* The court reiterated the sentiment that summary convictions, where the accused is not entitled to a jury trial, are inadmissible in civil cases; however, non-summary convictions are generally admissible and conclusive of the facts upon which they are predicated.

■ In this case, Claimant had adequate incentive to contest the criminal charge filed against him and an adequate forum in which to litigate the matter. Although Claimant plead guilty to a lesser offense, he faced the potential loss of substantial property and/or liberty in terms of a fine and up to a one-year prison sentence, in addition to the restitution· ordered. *See* the Crimes Code, 18 Pa.C.S. §§ 1101, 1104. The fact that Claimant chose to plead guilty to a misdemeanor of the third degree as part of his plea agreement does not change the analysis. *Department of Transportation v. Mitchell*, 517 Pa. 203, 212, 535 A.2d 581, 585 (1987). The penalty for a third degree misdemeanor is still substantial, and the charge of welfare fraud is a serious one. Had Claimant elected to contest the welfare fraud ̇charge, he would have been entitled to litigate the matter in an adequate forum, whether before a judge or jury. The rule against collateral attack of criminal convictions, therefore, is apropos to this case.

A guilty plea is an admission of the facts averred in the complaint. *See Mitchell.* Because the conviction is conclusive proof of the wrongdoing for which he was charged, Claimant cannot now challenge the conviction by attempting to explain the circumstances surrounding his plea in an attempt to prove his innocence. *Department of Navy, Naval Air Warfare Center, Aircraft Division Warminster v. Unemployment Compensation Board of Review*, 158 Pa.Cmwlth. 605, 632 A.2d 622 (1993). As a consequence, the Court is compelled to conclude that Employer has satisfied the first prong of the *Derk* test. Accordingly, the Court rejects any argument by Claimant that the referee erred in failing to make findings of fact concerning Claimant's credibility or his testimony regarding the guilty plea since the conviction conclusively established his conduct. *Department of Navy.*

## II.

■ When applying the second prong of the *Derk* test, this Court should consider the following factors:

(a) the nature of the Claimant's assigned duties;

(b) the specific nature of the offense committed by the Claimant;

(c) whether Claimant's job required any special degree of trust on the part of the Employer, considering particularly, whether Claimant works with items of value and whether he is normally under the direct supervision of Employer; and,

(d) any other circumstances which may particularly affect Claimant's ability to do his job, including whether the crime occurred on or off Employer's premises, and whether or not it involved any of Employer's other workers or clients.

*Montellanico v. Unemployment Compensation Board of Review*, 126 Pa.Cmwlth. 156, 558 A.2d 936, 939 (1989). No single factor is dispositive, and the Court must examine all relevant circumstances to determine if Claimant's conduct is incompatible with his job responsibilities. *Id.*

■ At the hearing, the prison warden testified that Claimant is responsible for the care, custody and control of inmates, distribution of their mail, collection of inmate funds and the deposit of those funds into a deposit box. The warden also testified that honesty and integrity are important characteristics for the corrections officer position. Because of Claimant's guilty plea, the warden believed that he could no longer trust Claimant to perform his duties. In particular, the warden no longer trusted Claimant to handle inmates' money. The warden learned of Claimant's conviction from an inmate and

another corrections officer; as a result, the warden determined that knowledge of Claimant's conviction among the inmates would have an adverse impact on his ability to perform his job. Claimant presented no evidence to contradict the warden's testimony.

Substantial evidence of record demonstrates that Claimant's conduct is incompatible with his job responsibilities and directly reflects upon his ability to perform the assigned duties. *See Montellanico* (admissions of improper use of funds leading to arrest incompatible with job as credit union supervisor, which required a relationship of trust); *Horsefield v. Unemployment Compensation Board of Review*, 109 Pa.Cmwlth. 570, 531 A.2d 829, 832 (1987) (knowledge of bartender's conviction for drug offenses among customers was inimical to employer's best interests). The record, consequently, contains substantial evidence to support the referee's findings, adopted by the Board, which support the conclusion that Employer satisfied the two-prong test enunciated in *Derk*, rendering Claimant ineligible for benefits under Section 3 of the Law. Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 12th day of June, 1997, the order of the Unemployment Compensation Board of Review is affirmed.