**Samuel G. KOSANOVICH, Appellant,**

v.

**RETIREMENT BOARD
OF ALLEGHENY
COUNTY.**

Commonwealth Court of Pennsylvania.

Argued Nov. 17, 1998.

Decided Feb. 8, 1999.

William C. Kaczynski, Pittsburgh, for appellant.

John M. Means, Pittsburgh, for appellee.

Before SMITH, J., FRIEDMAN, J., and RODGERS, Senior Judge.

SMITH, Judge.

Samuel G. Kosanovich appeals from the order of the Court of Common Pleas of Allegheny County that affirmed the decision of the Retirement Board of Allegheny County (Board) denying his appeal from the Board's determination of his retirement allowance. Kosanovich questions whether the trial court erred in affirming the Board's order, where the applicable statute requires that a pension for an employee in his circumstances be based upon what the employee would have been entitled to receive had he or she continued to be employed until age 60. He also questions whether the underlying basis for his calculation and the calculation itself were sufficiently certain to permit relief.

The basic facts of this case are not disputed. Kosanovich was first employed by Allegheny County (County) on December 11, 1974, and he rose from an entry-level job to the position of Superintendent of Parks and Recreation. On February 23, 1996, Kosanovich was involuntarily dismissed through no fault of his own. At that time he was 44 years old and had 21 years and 2 months of service with the County. He filed a retirement application, and the Board awarded a retirement allowance of $1,120.17 per month. Kosanovich sought recalculation, and the Board ultimately afforded him a hearing, following which it rendered a unanimous decision rejecting his claim for an increase. On further appeal, the trial court received no additional evidence, and it affirmed.[1]

I

The principal issue presented on this appeal is a pure question of statutory interpre-

---

1. Where a full and complete record was made before the local agency and the trial court received no additional evidence, this Court's review pursuant to Section 754(b) of the Local Agency Law, 2 Pa.C.S. §754(b), is limited to determining whether there was a constitutional violation or an error of law and whether the findings of the local agency are supported by substantial evidence in the record. *Industrial Valley Title Insurance Co. v. School Dist. of Philadelphia*, 661 A.2d 497 (Pa.Cmwlth.1995).

tation, which is also one of first impression before this Court. Article XVII of the Second Class County Code (Retirement Code), Sections 1701 – 1716 of the Act of July 28, 1953, P.L. 723, *as amended,* 16 P.S. §§4701–4716, provides for the Employes' Retirement System. Section 1712, 16 P.S. §4712, relates to the amount of retirement allowances. Subsection (a) provides in part: "The retirement allowance paid under the provisions of this article shall equal fifty per centum of the amount which would constitute the average monthly compensation as received by the county employe during the highest twenty-four months of the last four (4) years of his employment . . . ."

Section 1713, 16 P.S. §4713, relates to retirement allowances after leaving service. Subsection (d) provides three options:

Option I. Any person who, after twenty or more years' service as a county employe resigns from his or her office[,] position or employment before reaching the age of sixty years when he or she attains the age of sixty years, when such former county employe shall be eligible to receive a retirement allowance which shall be computed on the average monthly compensation as received by the *former county employe* prior to his or her separation from the service of the county or county institution district in accordance with the provisions of subsection (a) of section 1712. Such former county employe shall be eligible to receive, in addition to a retirement allowance, a service increment, if any, in accordance with the provisions of subsection (b) of section 1712 only to the time of his or her separation from the service of the county or county institution district.

Option II. Employe may elect to receive immediate retirement allowance benefits under the age of sixty years provided that said retirement allowance be reduced by one-half of one per centum for each month under the age of sixty years. Option I or Option II election shall be final upon separation of his or her service from the county.

Option III. Any employe under sixty years of age who has served twenty years or more and who was dismissed through no fault of his own may elect to receive immediate retirement allowance benefits equal to seventy per centum of the benefits he would be entitled to receive had he continued to be employed until age sixty.

The question of statutory interpretation presented by this case is the proper construction of Option III. Kosanovich contends that the specification that an employee who meets the conditions of Option III receive 70 percent of the benefits he or she would be entitled to receive "had he continued to be employed until age sixty" means that the calculation of the retirement allowance under Option III should take into account projected increases in base salary, in view of his testimony that there was a history of almost yearly pay increases for County management employees. He notes that this language is not found in Options I and II.

Kosanovich argues that several principles of statutory construction support his interpretation. First, he notes that Section 1713 is not among the types of provisions enumerated in subsection (b) of Section 1928 of the Statutory Construction Act of 1972, 1 Pa.C.S. §1928(b), which are to be given strict construction. Therefore, the Section is to be liberally construed to effect its objects and to promote justice pursuant to subsection (c), 1 Pa.C.S. §1928(c). Words and phrases are to be construed according to the rules of grammar and according to their common and approved usage, other than technical words and phrases that have acquired a peculiar and appropriate meaning. Section 1903(a), 1 Pa. C.S. §1903(a). Application of this principle has been described as construing the words of statutes according to their plain meaning. *Grom v. Burgoon,* 448 Pa.Super. 616, 672 A.2d 823 (1996).

Kosanovich asserts that the current calculation of his retirement allowance based upon the provisions of Section 1712(a) of the Retirement Code ignores the provisions of Option III under Section 1713 because the calculation was based upon his recent actual earnings rather than based upon what his earnings would have been had he continued to work until age 60. The Board calculated his allowance, he asserts, by first deriving a basic monthly allowance of $1,563.65 from

the County Retirement System Rules and Regulations Handbook, then adding one year and two months service increments for a gross monthly pension of $1,600.24. The Board then subtracted 30 percent (one-half percent for each month under age 60) and arrived at a final monthly pension amount of $1,120.17. Kosanovich argues that the Board in effect calculated his monthly pension amount under Option II.[2] He contends that the Board's calculation renders important statutory language meaningless.

In response, the Board first argues that nothing on the face of Section 1713 indicates that the legislature intended to reward an employee who is dismissed without fault with the windfall that would result from Kosanovich's interpretation, despite his contention that the Section was designed to confer a special benefit upon such employees. It notes that Option I expressly requires calculation according to Section 1712(a).[3]

The Board argues further that Option III must be read in the context of related provisions of the Retirement Code, namely, Sections 1710, 16 P.S. §4710, and 1712 and Options I and II of Section 1713(d). Section 1710 is headed "Employes eligible for retirement allowances," and it provides for employes having many different combinations of starting date, length of service and classification of work.[4] Section 1712 is headed "Amount of retirement allowances," and it provides a comprehensive system for calculating the amounts for all retirement allowances paid under the Retirement Code. Section 1713 is headed "Retirement allowance

after leaving service," and it provides in Subsection (d) for the three options.

The Board quotes *Panko v. Public School Employees' Retirement System*, 89 Pa. Cmwlth. 419, 422, 492 A.2d 805, 807–808 (1985), for certain basic principles of interpretation of pension statutes:

> While, as a general rule, pension statutes are to be liberally construed in favor of the pensioner, the court construing the statute may consider the consequences of a particular construction whenever the statute is susceptible of more than one interpretation. *Borough of Beaver v. Liston*, 76 Pa.Commonwealth Ct. 619, 464 A.2d 679 (1983), citing Section 1921(c)(6) of the Statutory Construction Act. Also, words and phrases used in a statute are to be construed according to their common meaning and accepted usage, *Commonwealth v. Stanley*, 498 Pa. 326, 446 A.2d 583 (1982), and, in determining legislative intent, the sections of a statute must be read together and construed with reference to the entire statute. *Wilson v. Central Penn Industries, Inc.*, 306 Pa.Superior Ct. 146, 452 A.2d 257 (1982).

> The [Public School Employees' Retirement] Board [is] charged with execution and application of the [retirement statute], and [its] interpretation should not be overturned unless it is clear that such construction is erroneous[.] *Spicer v. Department of Public Welfare*, 58 Pa.Commonwealth Ct. 558, 428 A.2d 1008 (1981)[.]

2. The Court observes that this description of the calculation performed by the Board is incorrect, although it is as represented on the Retirement Application. Certified Record, Item No. 5. Because 30 percent has no relation to the number of months until Kosanovich reaches age 60, the Board appears to have applied Option III automatically.

3. The Board advances an argument based upon a purported comparison between Kosanovich and an otherwise identically situated employe who resigned. It credits the hypothetical resigning employe with the allowance actually awarded to Kosanovich and determines the amount of difference over 16 years if Kosanovich received the increase that he claims. This calculation is flawed, however, because Option III is not available to an employe who resigns.

4. The Court notes that Section 1710(b), 16 P.S. §4710(b), has contained the following language since the enactment of the Retirement Code in 1953:

The time spent in the employ of the county or county institution district need not necessarily have been continuous: Provided, That when any county employe has twenty or more years service, not necessarily continuous, and has reached the age of fifty years or upwards, and shall be separated from the service of the county or county institution district by reason of no cause or act of his or her own, upon application to the board he or she shall thereafter receive, during life, a retirement allowance ... in accordance with the provisions of section 1712.

The Board argues that the reference in Option III to benefits that the employe "would be entitled to receive had he continued to be employed until age sixty" may not be interpreted as Kosanovich urges, because "entitlement" indicates a right to a benefit, income or property, and Kosanovich acknowledged that he had no right to any increase in any particular year. Also, Section 1922(1) and (2) of the Statutory Construction Act of 1972, 1 Pa.C.S. §1922(1), (2), state the presumptions that the legislature does not intend a result that is absurd, impossible or execution or unreasonable and that it intends the entire statute to be effective and certain. The Board contends that it would be unreasonable to conclude, where Section 1712(a) purports to define generally the "retirement allowances paid under the provisions of this article," that the legislature intended in Option III of Section 1713(d) to provide for a substantially higher rate than in Option I or Option II for an employe of the same age and length of service.

## II

The Court agrees that the legislature did not intend for Option III to be interpreted in the manner advanced by Kosanovich. An entirely plausible reading of the language of the statute is that the legislature intended the allowance for an employe, under age 60 and with more than 20 years of service who is dismissed without fault, to be calculated as if the employe had reached age 60 at the time of dismissal, with a 30 percent reduction. Nevertheless, the Court considers the strongest argument in support of this interpretation to be a reading of Option III in the context of the Retirement Code as a whole. The Court agrees with Kosanovich that Option III is intended to confer a benefit upon persons with long-term service who suffer at minimum an inconvenience by losing their jobs for reasons that are by definition political or otherwise not related to job performance. Conversely, Option I, with its requirement of waiting until age 60 to receive an allowance, and Option II, with its provision for an immediate allowance but one that is reduced on the basis of age, may be viewed as imposing some burden upon long-term employes who leave the service before their expected retirement dates.

As noted in n4 above, Section 1710(b) has always provided for the situation where an employe age 50 or older is dismissed without job-related cause, permitting such person to receive a pension "in accordance with the provisions of section 1712," i.e., a full pension benefit, calculated on the basis of the average monthly compensation in the highest 24 months of the 4 years preceding separation. Option III provides for the similar situation where such a person is at any age under age 60, which includes Kosanovich's circumstances. It is reasonable to conclude that the legislature intended to provide a somewhat smaller benefit for a person dismissed without fault even younger than age 50, with the ability to take advantage of any applicable provisions later because the Option III election is not final. Such an interpretation does not require agreement with Kosanovich's contention that Option III requires the retirement authorities to project what his salary likely would be 15 or 16 years in the future.

The Court agrees with the Board that in the context of the Retirement Code as a whole, Option III was not intended to require a projection of future salary rates but rather a calculation based upon the normal figures specified in Section 1712(a). In view of this conclusion, the Court need not address Kosanovich's contention that projections of salary increases are routinely made in civil tort and contract cases and that his evidence in support of his projection, namely his testimony regarding past increases, was a sufficient basis for a calculation. Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this 8th day of February, 1999, the order of the Court of Common Pleas of Allegheny County is affirmed.

Judge FRIEDMAN concurs in the result only.