Salvatore **MERLINO,** Appellant

v.

**PHILADELPHIA BOARD OF PENSIONS AND RETIREMENT.**

Commonwealth Court of Pennsylvania.

Argued Nov. 13, 2006.

Decided Feb. 8, 2007.

Benjamin N. Gialloreto, Philadelphia, for appellant.

Christopher R. DiFusco, Philadelphia, for appellee.

BEFORE: SMITH–RIBNER, Judge, and PELLEGRINI, Judge, and LEADBETTER, Judge.

OPINION BY Judge SMITH–RIBNER.

Salvatore Merlino appeals from the order of the Court of Common Pleas of Philadelphia County that affirmed the denial of Merlino's application for pension benefits and Deferred Retirement Option Plan (DROP) payment pursuant to Section 22–1302 of the Philadelphia Code, Title 22, Public Employees Retirement Code (Retirement Code),[1] and Section 3 of the Public Employee Pension Forfeiture Act (Pension Forfeiture Act).[2] Merlino was a police officer from November 16, 1981 until his discharge effective April 9, 2004 for conduct unbecoming an officer. He became a member of Pension Plan D at the time of his hire and elected to enter into DROP on March 3, 2003.

On October 4, 2002, Merlino was involved in a drug investigation in which a

1. Section 22–1302 of the Retirement Code provides that an employee shall not be entitled to retirement or other benefits, except a return of the contribution paid, if he or she pleads or is found guilty of, *inter alia*, malfeasance in office or employment.

2. Act of July 8, 1978, P.L. 752, *as amended*, 43 P.S. § 1313. Section 3(a) of the Pension Forfeiture Act provides that a public employee shall not be entitled to receive retirement or other benefits if he or she pleads guilty to any crime related to public office or public employment. Section 2, 43 P.S. § 1312, enumerates the state crimes related to public office or public employment, including crimes "relating to unsworn falsification to authorities" and "relating to false reports to law enforcement authorities," and all criminal offenses set forth in federal law "substantially the same as" the crimes enumerated in Section 2.

confidential informant (UPS truck driver) notified the Intensive Drug Investigation Squad that two boxes on the driver's UPS truck contained drugs. Merlino and an Officer Kevin Beckett took the boxes to the canine unit where a drug dog responded positively for the presence of drugs. Merlino stated to the officer preparing a Form 75–49 Investigative Report that the dog had sniffed the boxes inside the truck. A search warrant was then obtained and police found 23 kilograms of cocaine. The federal government took over the investigation, and an Assistant U.S. Attorney met with Merlino on January 5, 2004 to prepare for trial. Merlino answered "yes" when questioned whether the dog "hit" on the boxes inside the truck, when in fact that statement was false and eventually led to a dismissal of the indictment related to the investigation. Merlino pled guilty in July 2004 to one count of making a false statement to a federal agency under 18 U.S.C. § 1001(a) and was sentenced to serve eighteen months of probation and to pay a $500 fine.

At the January 4, 2005 hearing before a three-person panel of the Philadelphia Board of Pensions and Retirement (Board), Merlino testified about the circumstances surrounding the stop of the UPS truck as well as the motives for his actions, the basis for his guilty plea and reasons for protecting the informant. He stated that he knew that giving false information to federal authorities was wrong. The Board found that Merlino's conviction constituted "malfeasance" in office or employment under Section 22–1302 of the Retirement Code and that the federal crime of making false statements as a police officer to federal authorities during an investigation was substantially similar to the state crimes, enumerated in Section 2 of the Pension Forfeiture Act, of unsworn falsification to authorities[3] and false reports to law enforcement authorities.[4] The Board further found that the provisions of the Retirement Code and Pension Forfeiture Act were mandatory and that Merlino produced no reason for the Board to grant his application.

The trial court held that the federal crime under 18 U.S.C. § 1001 is substantially the same as the state crime listed in Section 4904(a)(2) of the Crimes Code in that Merlino "invited reliance" on a document (Form 75–49) that he knew lacked authenticity. Moreover, the federal crime is substantially the same as the state crime listed in Section 4906(b)(1) in that Merlino made a false report to law enforcement authorities about the drug incident, which is substantially the same as making a false statement to a federal agency. The trial court noted that the Board made the necessary credibility determinations, and it

---

3. Section 4904(a) of the Crimes Code, 18 Pa. C.S. § 4904(a), provides that a person commits a misdemeanor of the second degree if the person, with the intent to mislead a public servant in performing his or her official function, does the following:

(1) makes any written false statement which he does not believe to be true;

(2) submits or invites reliance on any writing which he knows to be forged, altered or otherwise lacking in authenticity; or

(3) submits or invites reliance on any sample, specimen, map, boundary mark, or other object which he knows to be false.

4. Pursuant to Section 4906(a) of the Crimes Code, as amended, 18 Pa.C.S. § 4906(a), a person commits a misdemeanor of the second degree if he or she knowingly gives false information to any law enforcement officer with the intent to implicate another. A person commits a misdemeanor of the third degree under Section 4906(b) if he or she:

(1) reports to law enforcement authorities an offense or other incident within their concern knowing that it did not occur; or

(2) pretends to furnish such authorities with information relating to an offense or incident when he knows he has no information relating to such offense or incident.

then affirmed the Board's decision that Merlino was not entitled to a retirement benefit or a DROP payment.[5]

Merlino asserts that the common law crime of malfeasance in office was abolished under Section 107(b) of the Crimes Code, 18 Pa.C.S. § 107(b), and that if malfeasance is not a crime he cannot be disqualified under Section 22–1302 of the Retirement Code. Additionally, he maintains that the Board erred in relying on the City Solicitor's opinion that the federal conviction constituted malfeasance in office or employment and that it erred in relying on *Bellis v. Board of Pensions and Retirement*, 160 Pa.Cmwlth. 314, 634 A.2d 821 (1993). In essence, Merlino argues that the Board committed an error of law in denying his retirement benefits absent a conviction of one of the other crimes enumerated in Section 22–1302.[6]

The Board disputes the notion that Merlino's motives are relevant, and it notes that the offenses of malfeasance, misfeasance and misbehavior in office do not require financial or personal gain for conviction, citing, among other cases, *Commonwealth v. Steinberg*, 240 Pa.Super. 139, 362 A.2d 379 (1976). The Board argues that Merlino's conduct falls within the definitions of malfeasance provided in *Bellis* and in Black's Law Dictionary, and relying upon *Faust v. Police Civil Service Commission of Borough of State College*, 22 Pa.Cmwlth. 123, 347 A.2d 765 (1975), states that police officers are held to a higher standard of conduct with a duty to enforce the law and to cooperate with other law enforcement agencies. Citing *Hawkins v. Unemployment Compensation Board of Review*, 695 A.2d 963 (Pa. Cmwlth.1997), the Board submits that Merlino seeks to collaterally attack his federal guilty plea.

In *Bellis* a city councilman was convicted of eight counts of bribery and one count of violating the election laws. He applied for a reinstatement of his pension benefits, and the Board denied his request because his bribery convictions resulted in forfeiture under Section 217.1 of the Philadelphia Retirement System Ordinance (replaced by the Retirement Code in 1999) dealing with bribery, graft or corruption and malfeasance in office or employment. In *Bellis* the Court defined malfeasance as " 'not merely error in judgment or departure from sound discretion, but the act, omission or neglect must be wilful, corrupt and amount to a breach of duty legally required by one who has accepted public office.' " *Id.*, 634 A.2d at 825 (quoting *Commonwealth v. McSorley*, 189 Pa.Super. 223, 227–228, 150 A.2d 570, 572 (1959)). The Court also referred to the Superior Court's holding in *Commonwealth v. Bellis*, 324 Pa.Super. 506, 517, 472 A.2d 194, 200 (1984) (quoting *Com-*

5. This Court must determine whether the Board violated Merlino's constitutional rights, whether it committed an error of law and whether its necessary findings of fact are supported by substantial evidence in the record. Section 754(b) of the Local Agency Law, 2 Pa.C.S. § 754(b); *Kosanovich v. Retirement Board of Allegheny County*, 724 A.2d 420 (Pa. Cmwlth.1999). As the ultimate fact finder, the Board has the authority to resolve evidentiary conflicts and to make all necessary credibility determinations. *Dale v. Philadelphia Board of Pensions and Retirement*, 702 A.2d 1160 (Pa.Cmwlth.1997).

6. Merlino questions whether the Board erred in denying him retirement benefits on the basis that his federal plea constituted a crime of "malfeasance in office"; whether the trial court erred in determining that the denial of benefits was justified because the federal statute at issue was "substantially similar to" the state crimes of "false reports to law enforcement agencies" and "unsworn falsification to authorities"; whether the trial court erred in concluding that the Board properly afforded Merlino a fair hearing; and whether the trial court denied Merlino due process and equal protection by its continuous denial of his benefits.

monwealth v. Peoples, 345 Pa. 576, 579, 28 A.2d 792, 794 (1942)), aff'd, 508 Pa. 122, 494 A.2d 1072 (1985), that malfeasance occurs when there is "either the breach of a positive statutory duty or the performance by a public official of a discretionary act with an improper or corrupt motive." The Court held in Bellis that the underlying illegal act, as opposed to the particular crime, formed the basis for a forfeiture in that case, and it concluded that the bribery conviction fit the description of malfeasance under subsection 5 of the Retirement System Ordinance then in effect.

The Court initially agrees that Merlino cannot collaterally attack his federal plea, see City of Philadelphia v. Philadelphia Civil Service Commission (Carter), 895 A.2d 87 (Pa.Cmwlth.), appeal denied, 589 Pa. 732, 909 A.2d 306 (2006), and that his motives for making false statements to federal authorities are irrelevant. Malfeasance must be construed according to its common and approved usage because it is not defined in the Retirement Code. See Section 1903 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1903. See also Bellis; Black's Law Dictionary 976 (8th ed.2004) (defining malfeasance as wrongful or unlawful act, especially wrongdoing or misconduct by a public official). It is unequivocal that Merlino's conviction under 18 U.S.C. § 1001(a)(2) represented the commission of a wrongful and unlawful act thereby constituting malfeasance in office and employment in violation of Section 22–1302 of the Retirement Code. The Board therefore properly denied Merlino's application pursuant to Section 22–1302.

Merlino next argues that the Board indirectly weakened its burden under Section 2 of the Pension Forfeiture Act by applying the "substantially similar to" standard instead of the "substantially the same as" standard. He asserts that its reliance on Gierschick v. State Employees' Retirement Board, 733 A.2d 29 (Pa. Cmwlth.1999),[7] is incorrect because that case does not sanction the use of a "substantially similar to" standard. Also, his federal offense is not substantially the same as the state crime of false reports to law enforcement authorities because there is no evidence that he made an untruthful accusation or falsely incriminated anyone, and the police report, read as a whole, shows that the drug raid did occur.

The Board counters by noting that only a technical distinction exists between the two standards and that in Gierschick the State Employees' Retirement Board found the officer's federal offense to be substantially similar to a state crime without mentioning the "loose" standard complained of by Merlino. More importantly, the federal crime for which he was convicted is in fact substantially the same as two state crimes listed in the Pension Forfeiture Act, i.e., making an unsworn falsification to authorities or submitting or inviting reliance on any writing that one knows to be forged, altered or otherwise lacking in authenticity.

A public employee forfeits pension benefits if he or she pleads guilty to any crime related to public office or public employment. Section 3(a) of the Pension Forfeiture Act. Section 2 enumerates the state

---

7. In Gierschick a corrections officer pled guilty to the federal crime of false declarations before a grand jury regarding an alleged assault on prisoners to which the officer was a witness. He was notified that his pension benefits were forfeited under the Pension Forfeiture Act due to his federal conviction. On appeal, the State Employees' Retirement Board ruled that the officer's federal conviction was substantially similar to the state crime of perjury. This Court concluded that the Board properly determined that the officer's conduct was related to his employment and that the Board could not be estopped from applying the positive provisions of the retirement law.

crimes related to public office or public employment and includes all federal crimes substantially the same as the enumerated state crimes. Pursuant to 18 U.S.C. § 1001(a)(2), a person will be found guilty if he or she knowingly and willfully "makes any materially false, fictitious, or fraudulent statement or representation" in any matter within the jurisdiction of the three branches of the federal government. Section 4906(b)(1) of the Crimes Code provides that a person commits a misdemeanor of the third degree if he or she "reports to law enforcement authorities an offense or other incident within their concern knowing that it did not occur." Both statutes require a false statement knowingly made to law enforcement authorities.[8] Because the offenses are substantially the same, the Board committed no error in denying Merlino's application based on the standard that the offenses are substantially similar.

Finally, Merlino argues that if provisions of the Retirement Code and provisions of the Pension Forfeiture Act apply then he must be disqualified under both before benefits may be denied and that if they both apply then the Retirement Code is inconsistent with the state statute. Further, Board members failed to justify their decisions under either or both standards; the Board failed to comply with Section 555 of the Local Agency Law, 2 Pa.C.S. § 555, requiring written findings and reasons to support its adjudication; the Board ignored Merlino's arguments on the malfeasance issue; and he was deprived of property rights in violation of his due process rights. According to Merlino, a reference to "malfeasance" in Section 22–1302 of the Retirement Code does not refer to a current crime.

The Board argues that Merlino's federal crime constitutes malfeasance under Section 22–1302 of the Retirement Code, and it points out that all of the information that he offered at the January 2005 hearing was provided to the Board for discussion at its June meeting. With regard to Section 555 of the Local Agency Law, it cites *Horsley v. Philadelphia Board of Pensions and Retirement*, 97 Pa.Cmwlth. 558, 510 A.2d 841 (1986), *aff'd*, 519 Pa. 264, 546 A.2d 1115 (1988), where this Court affirmed a board decision to suspend pension benefits due to an employee's extortion conviction. Although he was notified by letter, which failed to contain findings, the Court held that the trial court was aware of the undisputed facts to support the decision and that the employee was advised previously of the board's reasons. The Board submits that the City was authorized to enact the Retirement Code as a supplement to the Pension Forfeiture Act, *Western Pennsylvania Rest. Ass'n v. City of Pittsburgh*, 366 Pa. 374, 77 A.2d 616 (1951), and they both apply.

■ The Court does not agree with Merlino that the Retirement Code is inconsistent with the Pension Forfeiture Act. The City was authorized to enact its local law to aid or further the purposes of the state law so long as the local law is not unreasonable, *Mars Emergency Medical Servs., Inc. v. Township of Adams*, 559 Pa. 309, 740 A.2d 193 (1999). The Court sees no conflict between the two. As to the requirements for written findings, the Court in *Gruzinski v. Department of Public Welfare*, 731 A.2d 246, 252, n15 (Pa. Cmwlth.1999), explained that when a fact finder in an administrative proceeding is required to state findings in an adjudica-

---

8. The Court need not address the substantially same offense listed in Section 4904(a) of the Crimes Code relating to unsworn falsification to authorities as Section 3 of the Pension

Forfeiture Act requires only that an employee's conduct fall within one of the listed offenses.

tion the fact finder must include all findings necessary to resolve the issues. However, the presence of written findings "goes to the reviewability of an adjudication, not to its validity." *Madeja v. Whitehall Township,* 73 Pa.Cmwlth. 34, 41, 457 A.2d 603, 606–607 (1983). The Board filed its findings with the trial court, which was made aware of the undisputed facts supporting the Board's decision.

In conclusion, the Court rejects Merlino's assertion that the Board ignored his arguments in connection with the meaning of malfeasance and whether it constitutes a crime currently recognized by the Crimes Code, and it likewise rejects the notion that he was denied a fair hearing. Furthermore, Merlino was not deprived of his property rights without due process because, as the trial court concluded, Merlino was given adequate notice and a hearing before the Board. *See Dunn v. Department of Transportation, Bureau of Driver Licensing,* 819 A.2d 189 (Pa.Cmwlth.2003). Inasmuch as the Board made findings that are supported by substantial evidence of record and committed no error of law, its order is affirmed.

### ORDER

AND NOW, this 8th day of February, 2007, the Court affirms the order of the Court of Common Pleas of Philadelphia County.

