**James SPEIGHT, Petitioner**

v.

**DEPARTMENT OF CORRECTIONS, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 11, 2009.

Decided Feb. 16, 2010.

James Speight, petitioner, pro se.

Maria G. Macus–Bryan, Asst. Counsel and Suzanne N. Hueston, Chief Counsel, Camp Hill, for respondent.

BEFORE: PELLEGRINI, Judge, FRIEDMAN, Senior Judge, and QUIGLEY, Senior Judge.

OPINION BY Judge PELLEGRINI.

James Speight (Speight) appeals *pro se* from an order of the Department of Corrections (Department) requiring him to reimburse the Commonwealth in the amount of $5,979.85 assessed against his inmate account for costs stemming from his violation of established prison rules necessitating his hospitalization. Because the Department erroneously admitted hearsay evidence, we reverse.

Speight is currently an inmate incarcerated at the State Correctional Institution at Green in Waynesburg, Pennsylvania. On March 13, 2008, Speight was issued Misconduct No. A824777 for charges of possession or use of a dangerous or controlled substance, possession of contraband, and tattooing or other forms of self-mutilation. Specifically, he took approximately 10 seizure pills (Depakene) in front of a nurse and corrections officer during the med line on F Block. He had to be taken to the infirmary and then to an outside hospital for treatment due to his actions.

At a misconduct hearing, Speight pled guilty to the charges of possession or use of a dangerous or controlled substance and possession of contraband, but not to the charge of tattooing or other forms of self-mutilation. The hearing examiner accepted the guilty pleas and ordered Speight to serve a total of 120 days in disciplinary custody (90 days for possession or use of a dangerous or controlled substance and 30 days for possession of contraband). The other charge was dismissed. The hearing examiner also ordered that Speight's account be assessed for all costs incurred by the Department due to his actions, "such as the hospital trip."

Speight received notice on September 24, 2008, that an administrative assessment hearing would be held to determine the amount of the costs incurred to be deducted from his account. At the October 21, 2008 hearing, the hearing examiner explained the purpose of the hearing—to receive testimony as well as other evidence from both parties relevant to the assessment of costs as a result of Speight's misconduct. The Department's witness, Leslie Wynn (Wynn), a Department accountant, presented three medical bills totaling $5,979.85. She stated that one bill was for the ambulance and the other two were from the hospital for various lab charges and the ICU. The bills were not authenticated by sworn affidavit of the record keeper for the ambulance company or the hospital, nor did any witnesses appear on their behalf. Speight, appearing *pro se,* did not dispute the charges and did not present any evidence. After the hearing, the hearing examiner assessed Speight's account $5,979.85.

Speight then appealed[1] the assessment of the Secretary of the Department arguing that he did not receive all due process to which he was entitled because he did not receive proper notice of the assessment; the documents to establish the amount of the assessment were insufficient because they omitted the identities of who prepared the bills; and that they were not authenticated through sworn invoices. The Secretary denied his appeal, and this appeal followed.[2]

Speight contends that the Department failed to comply with due process at the assessment hearing because Wynn, the prison staff member, who did not author the contents of those documents, could not testify to the truth of their contents. He also argues that those documents could not qualify under the business record exception to the hearsay rule because much of the information regarding the hospital's identity was redacted and no qualified witness authenticated or appeared to testify as to its identity, mode of preparation, or whether it was prepared in the regular course of business at or near the time the bill was incurred. 42 Pa.C.S. § 6108.

The Department does not contend that the medical bills were business records but instead argues that the medical bills were properly admitted into evidence as unobjected-to hearsay. Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. *Bonegre v. Workers' Compensation Appeal Board (Bertolini's),* 863 A.2d 68 (Pa. Cmwlth.2004). In an administrative hearing, hearsay evidence, admitted without objection, will be given its natural proba-

1. Speight requested a 30–day extension of time to file exceptions to the report, which was granted on December 26, 2008.

2. Our scope of review of the final order of an administrative agency is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Mirarchi v. Department of Corrections,* 811 A.2d 1096 (Pa. Cmwlth.2002).

tive effect and may support a finding but only if competent evidence of record corroborates it. *Walker v. Unemployment Compensation Board of Review,* 27 Pa. Cmwlth. 522, 367 A.2d 366 (1976).[3] While Speight did not object to the admission of the medical bills, the Department, despite citing to *Walker,* has failed to cite anywhere in the record where those bills were corroborated by any competent evidence.

In this case, all that Wynn did was go over each invoice and state the amount on the invoice. In the case of the invoice from the hospital where there were itemized amounts, she indicated what each amount was for. The other two invoices merely had a total due. She could not identify who created the document and who redacted the information pertaining to the phone numbers and addresses. Because this Court has previously held that corroboration of the unobjected-to document is required, *see Lee v. Pennsylvania Board of Probation and Parole,* 885 A.2d 634 (Pa.Cmwlth.2005), and there was no corroboration in this case, there was a violation of the hearsay rule.

Accordingly, the order of the Department is reversed.[4]

### ORDER

AND NOW, this *16th* day of *February,* 2010, the order of the Department of Corrections dated March 9, 2009, is reversed.

---

**3.** The Walker Rule is not truly a rule of evidence but based on the principle that fundamental due process requires that no adjudication be based solely upon hearsay evidence. *Buchanan v. Verbonitz,* 525 Pa. 413, 581 A.2d 172, 175 (1990) (quoting with approval Justice Flaherty's concurring opinion in *Unemployment Compensation Board of Review v. Ceja,* 493 Pa. 588, 427 A.2d 631, 643 (1981)).

---

**4.** Speight also argues that he should not have been assessed costs because it would be a manifest injustice to assess costs upon him due to his mental illness. However, not only is that issue beyond this Court's scope of review because Speight pled guilty to the misconduct for which he was assessed costs, but based on the outcome of this case, we need not address that issue.