Ross A. SCARANTINO, Petitioner

v.

PUBLIC SCHOOL EMPLOYEES'
RETIREMENT BOARD,
Respondent.

Commonwealth Court of Pennsylvania.

Argued June 4, 2012.
Decided April 4, 2013.
Publication Ordered May 29, 2013.

Elliot A. Strokoff, Harrisburg, for petitioner.

Jennifer A. Mills, Assistant Counsel, Harrisburg, for respondent.

BEFORE: LEADBETTER, Judge, and COVEY, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Judge LEADBETTER.

Petitioner, Ross A. Scarantino, petitions for review of the order of the Public School Employees' Retirement Board (Board) determining that his retirement benefits are forfeited as a result of his guilty plea to a federal criminal offense. We affirm.

On April 16, 2009, the United States Attorney for the Middle District of Pennsylvania filed a criminal complaint against Petitioner, alleging that he "did knowingly, intentionally and unlawfully corruptly ac-

cept and agree to accept, thousands of dollars in cash from another person, for [his] benefit ... , intending to be rewarded. . . ." Reproduced Record (R.R.) at 22a. On May 14, 2009, Petitioner executed a plea agreement wherein he agreed to plead guilty to "one violation of Title 18, United States Code, Section 666(a)(1)(B), corrupt receipt of reward for official action concerning program receiving federal funds." *Id.* at 25a–26a. The plea agreement specified that with regard to the sentencing guidelines, the parties agreed that the offense involved one gratuity of $5000. *Id.* at 32a. On May 20, 2009, the United States Attorney filed an information against Petitioner in the United States District Court for the Middle District of Pennsylvania alleging as follows in relevant part:

2. As the Superintendent of Schools for the Pittston Area School District, ROSS SCARANTINO, made recommendations, formal and informal, relating to service and equipment contracts to the Pittston Area Board of Education.

3. The Pittston Area Board of Education relied upon ROSS SCARANTINO's recommendations based on his knowledge and position within the school district and awarded contracts to those contractors recommended by Scarantino.

\* \* \* \*

5. In or about February of 2008, in Luzerne County, Pennsylvania and within the Middle District of Pennsylvania, the defendant,

in his capacity as the Superintendent of Schools for the Pittston Area School District, *did knowingly, intentionally and corruptly accept and agree to accept cash from another person*, in the amount of $5000 for the benefit of the Defendant, *intending to be influenced and rewarded in connection with the awarding of contracts by the Pittston Area School District,* involving a thing of value of $5,000 and more and within a one year period from the date of the commission of the offense, the Pittston Area School District received benefits in excess of $10,000 under a federal program involving a grant, contract, subsidy, loan, guarantee, insurance and other form of federal assistance.

In violation of Title 18, United States Code, § 666(a)(1)(B).

R.R. at 23a–24a (emphasis added). On May 29, 2009, the Honorable Thomas I. Vanaskie accepted Petitioner's plea of guilty to the charge of corrupt receipt of reward for official action concerning a program receiving federal funds. R.R. at 69a.

On June 29, 2009, Petitioner was discharged for cause by the Pittston Area School District pursuant to a settlement and termination agreement. By letter dated July 22, 2009, the Public School Employees' Retirement System (PSERS) notified Petitioner that his right to receive retirement benefits[1] from PSERS was subject to forfeiture pursuant to the Public Employee Pension Forfeiture Act[2] (For-

---

1. As of June 30, 2009, Petitioner had accumulated 41.50 years of service credit with PSERS as a teacher, principal, assistant superintendent, and superintendent of the Pittston Area School District. Petitioner had made contributions of $129,594.51 and earned approximately $107,528.87 in interest on his contributions. On June 30, 2005, the date which Petitioner entered into his con-

tract to be Superintendent of the Pittston Area School District, he had accumulated 38.5 years of service and his PSERS pension had the present value of $1,361,496.92.

2. Act of July 8, 1978, P.L. 752, *as amended*, 43 P.S. §§ 1311–1315. Section 3 of the Forfeiture Act, 43 P.S. § 1313, provides:

feiture Act) as a result of his guilty plea. PSERS asserted that the federal crime of reward for official action concerning programs receiving federal funds under 18 U.S.C. § 666(a)(1)(B) (theft or bribery concerning programs receiving federal funds) is substantially the same as bribery in official and political matters under Section 4701 of the Crimes Code, 18 Pa.C.S. § 4701.[3] Petitioner filed an appeal and request for administrative hearing. PSERS filed an answer and Petitioner filed a supplement to his appeal. The parties arrived at a stipulation of facts, which was submitted to the hearing officer.

In a proposed adjudication and order, the hearing officer concluded that the federal crime of theft or bribery concerning programs receiving federal funds under 18 U.S.C. § 666(a)(1)(B) is not substantially the same as bribery in official and political matters under 18 Pa.C.S. § 4701. Noting that Section 2 of the Forfeiture Act does not define the phrase "substantially the same as," the hearing officer held that "substantially the same as" means that the federal crime must be "basically, essentially or fundamentally identical to a state criminal offense enumerated in 43 P.S. § 1312." R.R. at 156a–57a. The hearing officer concluded that the two offenses were not substantially the same because Section 4701 requires that a thing of value be identified as consideration for any official action, while Section 666(a)(1)(B) does not. The hearing officer also relied upon the Official Comment—1972 to Section 4701 which provides that bribery does not

encompass tipping to conclude that Petitioner plead guilty to accepting a gratuity rather than a bribe. The hearing officer recommended that Petitioner's appeal from PSERS' forfeiture determination be granted.

PSERS filed exceptions to the hearing officer's proposed adjudication. The Board rejected the hearing officer's proposed adjudication and found that the "[f]ederal crime of theft or bribery concerning programs receiving [f]ederal funds, 18 U.S.C. § 666(a)(1)(B), is substantially the same as bribery in official and political matters, 18 Pa.C.S. § 4701." Board's Opinion at 19. The Board rejected the hearing officer's reliance upon common usage of the phrase in question and relied upon prior Commonwealth Court decisions, which focused on the elements of the crime, the burden of proof, and *mens rea* to determine whether a federal crime is substantially the same as a crime enumerated in the Forfeiture Act. The Board also rejected the constitutional arguments raised by Petitioner. This appeal followed.

Petitioner challenges the Board's conclusion that the federal crime of theft or bribery concerning programs receiving federal funds under 18 U.S.C. § 666(a)(1)(B) is substantially the same as bribery in official and political matters under 18 Pa.C.S. § 4701. Petitioner also argues that the federal catchall provision set forth in Section 2 of the Forfeiture Act, 43 P.S. § 1312, is unconstitutionally vague and, therefore, violates his right to due

Notwithstanding any other provision of law, no public official or public employee nor any beneficiary designated by such public official or public employee shall be entitled to receive any retirement or other benefit or payment of any kind except a return of the contribution paid into any pension fund without interest, if such public official or public employee is convicted or pleads

guilty or no defense to any crime related to public office or public employment.

3. Section 666(a)(1)(B) criminalizes a local government employee corruptly soliciting or accepting a bribe or illegal gratuity. Section 4701 of the Crimes Code criminalizes the acceptance or agreement to accept by a public servant any pecuniary benefit as consideration for a decision.

process. Additionally, he posits the federal catchall provision is an impermissible delegation of legislative authority in violation of Article II, Section 1 of the Pennsylvania Constitution, Pa. Const. art. II, § 1. Finally, Petitioner contends that forfeiture of $1.5 million of pension benefits violates Article I, Section 13 of the Pennsylvania Constitution, Pa. Const. art. I, § 13, and the Eighth Amendment to the United States Constitution, U.S. Const. amend. VIII.

■ Under the Forfeiture Act, any public employee who has been convicted of any of the crimes enumerated in Section 2 of the Forfeiture Act, 43 P.S. § 1312, or any federal crime which is substantially the same as one of the enumerated crimes, forfeits his pension. Section 2 of the Forfeiture Act enumerates the state crimes related to public office or public employment, including crimes "relating to bribery in official and political matters" under 18 Pa.C.S. § 4701.

Section 4701 (bribery in official and political matters) provides in relevant part:

> (a) Offenses defined.—*A person is guilty of bribery,* a felony of the third degree, *if he* offers, confers or agrees to confer upon another, or solicits, *accepts or agrees to accept from another:*
>
>> (1) any pecuniary benefit as consideration for the decision, opinion, recommendation, vote or other exercise of discretion as a public servant, party official or voter by the recipient. [Emphasis added.]

Section 666(a)(1)(B), setting forth the federal crime of theft or bribery concerning programs receiving federal funds provides in turn:

> (a) Whoever, if the circumstance described in subsection (b) of this section exists—

> (1) being an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof-
>
> * * * *
>
> (B) *corruptly ... accepts or agrees to accept, anything of value* from any person, *intending to be influenced or rewarded in connection with any business, transaction, or series of transactions* of such organization, government, or agency involving anything of value of $5,000 or more;
>
> * * * *

shall be fined under this title, imprisoned not more than 10 years, or both.

(b) The circumstance referred to in subsection (a) of this section is that the organization, government, or agency receives, in any one year period, benefits in excess of $ 10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance.

18 U.S.C. § 666(a)(1)(B) (emphasis added).

The issue of whether the federal crime of theft or bribery concerning programs receiving federal funds under 18 U.S.C. § 666(a)(1)(B) is substantially the same as the Pennsylvania crime of bribery in official and political matters under 18 Pa.C.S. § 4701 is a question of first impression. Petitioner asserts that because "substantially the same as" is not defined by the Forfeiture Act, the phrase must be construed according to common and approved usage. Petitioner argues that the Board's interpretation of "substantially the same as" is *ad hoc* and that the proper interpretation of the phrase requires that the federal crime must be essentially or fundamentally *identical* to the state criminal offense of bribery in official matters under 18 Pa.C.S. § 4701. We disagree.

■ The Board properly focused on the elements of the crimes, the burdens of

proof, and the *mens rea* in determining whether a federal crime is substantially the same as a state crime. In *Roche v. State Employees' Retirement Board*, 731 A.2d 640 (Pa.Cmwlth.1999), this Court distinguished the federal crime of false declarations and the state crime of perjury by comparing the elements of the crimes and the required *mens rea*. The Court held that the federal crime of false declarations was not substantially the same as the state crime of perjury for purposes of the Forfeiture Act. We explained that the federal crime of false declarations before a grand jury or court requires only that the declarant acted "knowingly," while the state crime of perjury requires that the declarant acted "willfully." Thus, we concluded that the federal crime was not substantially the same as the state crime because the federal crime had a lower degree of *mens rea*. More recently, in *Merlino v. Philadelphia Board of Pensions & Retirement*, 916 A.2d 1231 (Pa.Cmwlth.2007), this Court again compared the elements of the crimes and requisite *mens rea* and determined that the federal offense of making false statements to a federal agency is substantially the same as the state crime of false reports to law enforcement for purposes of the Forfeiture Act. The Board properly followed Pennsylvania precedent in its analysis.

The primary elements of a violation under Section 4701 and under Section 666(a)(1)(B) [4] include:

| Section 4701 | Section 666(a)(1)(B) |
|---|---|
| solicitation or acceptance | solicitation or acceptance |
| any pecuniary benefit | anything of value |
| as consideration for the decision | with the intention of being influenced or rewarded in connection with any transaction of a local government |

There is no question that the first two elements of both offenses are substantially the same.

The third element requires more consideration. The Pennsylvania Superior Court has opined that the use of the phrase "as consideration for the decision" in Section 4701 prohibits public officials from engaging in a *quid pro quo* agreement. *Commonwealth v. Moran*, 5 A.3d 273, 280 (Pa.Super.2010) *allocator granted*, 610 Pa. 3, 17 A.3d 918 (2011) (opining that, "no person in public service may solicit a benefit as a *quid pro quo* for his exercise of the official discretion he holds"); *Commonwealth v. Cherpes*, 360 Pa.Super. 246, 520 A.2d 439, 443 (1987) (stating that, "Section 4701(a)(1) refers to the acceptance of a pecuniary benefit *as consideration for* the

public official's vote . . . a simple *quid pro quo* transaction") (emphasis in original). Neither the Supreme Court of the United States nor the Court of Appeals for the Third Circuit has addressed whether Section 666 requires an explicit *quid pro quo*. *See United States v. Beldini*, 443 Fed. Appx. 709, 717 (3d Cir.2011).

Other circuit courts have split over the *quid pro quo* requirement. The Second and Fourth Circuits have held that bribery convictions under Section 666 require some proof of a *quid pro quo*. *United States v. Ganim*, 510 F.3d 134, 151 (2d Cir.2007); *United States v. Jennings*, 160 F.3d 1006, 1014 (4th Cir.1998). Several circuit courts have held that a *quid pro quo* is sufficient but not necessary for a conviction under

**4.** *See United States v. Cicco*, 938 F.2d 441, 444 (3d Cir.1991).

Section 666(a)(1)(B). *United States v. McNair*, 605 F.3d 1152, 1187–88 (11th Cir. 2010); *United States v. Abbey*, 560 F.3d 513, 520 (6th Cir.2009); *United States v. Zimmermann*, 509 F.3d 920 (8th Cir.2007); *United States v. Gee*, 432 F.3d 713, 714 (7th Cir.2005).

In *Brace v. County of Luzerne*, 873 F.Supp.2d 616 (M.D.Pa.2012), the Middle District of Pennsylvania recently considered whether Section 4701 and Section 666(a)(1)(B) are substantially the same. The District Court noted that the crimes were not identical because an individual may be convicted under Section 666(a)(1)(B) based on acceptance of a benefit with the intent to be influenced or rewarded but Section 4701 requires the benefit to be taken as consideration for official action. Nevertheless, the Middle District concluded that the crimes were substantially the same because both statutes criminalize conduct of a public official who solicits, accepts or agrees to accept something of value that is offered to the official based on his official status.

Although a conviction under Section 666 does not necessarily require proof of a specific *quid pro quo*, this does not foreclose a determination that Section 4701 and Section 666 are substantially the same. The third elements of both statutes criminalize use of one's public position for personal gain. Section 4701 is derived from Section 240.1 of the Model Penal Code, which states that bribery offenses are intended to preserve the integrity and proper function of government. *See* Model Penal Code § 240.1 Explanatory Note. Section 666 was enacted to "protect the integrity of the vast sums of money distributed through Federal programs from

theft, fraud, and undue influence by bribery." *See Sabri v. United States*, 541 U.S. 600, 606, 124 S.Ct. 1941, 158 L.Ed.2d 891 (2004) [quoting S.Rep. No. 98–225, p. 370 (1983), 1984 U.S.C.C.A.N. 3182, 3511]. Thus, both statutes target the same behavior in seeking to protect the integrity of the governmental decision making process from undue influence or corruption. We conclude that although the third elements of Section 4701 and Section 666 are not identical, the elements are substantially the same.

Next, we consider the requisite burdens of proof and *mens rea*. The burden of proof is substantially the same as under both statutes the burden is on the government to establish beyond a reasonable doubt that the defendant violated each element of the crime. Under Section 666(a)(1)(B), the *mens rea* is corrupt intent. "[C]orruptly" describes "an act done with an intent to give some advantage inconsistent with official duty and the rights of others. . . . [a]n act is done corruptly if it's done voluntarily and intentionally to bring about either an unlawful result or a lawful result by some unlawful method, with a hope or expectation of either financial gain or other benefit to oneself or a benefit of another person." *United States v. Aguilar*, 515 U.S. 593, 616–17, 115 S.Ct. 2357, 132 L.Ed.2d 520 (1995) (Scalia, J., dissenting) (internal quotations and citations omitted). Section 4701 is silent regarding the requisite *mens rea*. Section 302(c) of the Crimes Code, 18 Pa. C.S. § 302(a), provides that when a statute does not prescribe a *mens rea*, the default *mens rea* is that a person acted intentionally, knowingly or recklessly.[5] *Common-*

---

**5.** Section 302(b)(1) defines "intentionally" as follows:

(b) Kinds of culpability defined.

(1) A person acts intentionally with respect to a material element of an offense when:

*wealth v. Parmar*, 551 Pa. 318, 330, 710 A.2d 1083, 1088 (1998). Thus, the *mens rea* required to establish the federal offense is at least as strict as that required under state law.

■ Section 4701 provides that a public official is guilty of bribery if he accepts or agrees to accept from another any pecuniary benefit as consideration for a recommendation. The public official must have acted intentionally, knowingly, or recklessly. *Moran.* The Commonwealth must prove the elements of bribery beyond a reasonable doubt. Section 666(a)(1)(B) provides that a person is guilty of bribery if the government proves beyond a reasonable doubt that the public official corruptly accepted or agreed to accept anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions. Thus, the essential elements, burden of proof and *mens rea* of both crimes are substantially the same as both statutes criminalize the actions of a public official who knowingly agrees to accept a benefit or reward in return for some action by the official.

Petitioner also argues that the offense to which he pled guilty, corrupt receipt of *reward*, is not substantially the same as the state crime of bribery. Petitioner asserts that he only intended to be *rewarded* and that he did not intend to be influenced and that the Board ignored the repeated statements of the United States Attorney, Judge Vanaskie and his own counsel that the offense entailed one count of receiving a reward or gratuity. *See, e.g.,* Notes of Testimony (N.T.) at 13; R.R. at 61 a; N.T. at 16; R.R. at 64a; N.T. at 18; R.R. at 66a; N.T. at 21; R.R. at 69a. This argument is predicated on cases construing the general federal bribery and gratuity statute, 18 U.S.C. § 201, such as *United States v. Sun–Diamond Growers of California,* 526 U.S. 398, 405, 119 S.Ct. 1402, 143 L.Ed.2d 576 (1999). *See also United States v. Mariano,* 983 F.2d 1150, 1159 (1st Cir.1993).

18 U.S.C. § 201, however, differs from the crime to which Petitioner plead guilty, 18 U.S.C. § 666. Section 201(b)(2)(A) addresses bribery and prohibits a federal official from *corruptly* seeking anything of value in return for being influenced in the performance of an official act. 18 U.S.C. § 201(b)(2)(A). Section 201(c)(1)(B) addresses illegal gratuities and prohibits a federal official from accepting anything of value for or because of any official act performed by such official.[6] The bribery and illegal gratuity subsections of Section 201 differ in that the bribery subsection requires corrupt intent and the illegal gratuity subsection does not. However, under

---

(i) if the element involves the nature of his conduct or a result thereof, it is his conscious object to engage in conduct of that nature or to cause such a result; and (ii) if the element involves the attendant circumstances, he is aware of the existence of such circumstances or he believes or hopes that they exist.

18 Pa.C.S. § 302(b)(1).

**6.** Section 201(b)(2)(A), which is the bribery section, provides that a federal official shall not

directly or indirectly, *corruptly* demand[ ], seek[ ], receive[ ], accept[ ], or agree[ ] to receive or accept anything of value person-

ally … *in return for … being influenced* in the performance of any official act. [Emphasis added].

Section 201(c)(1)(B), which is the illegal gratuity section, provides in relevant part that a federal official shall not

otherwise than as provided by law for the proper discharge of official duty, directly or indirectly demand[ ], seek[ ], receive[ ], accept[ ], or agree[ ] to receive or accept anything of value personally *for or because of any official act performed* or to be performed by such official or person. [Emphasis added].

Section 666, bribes and illegal gratuities are addressed in a single subsection and a corrupt intent is required for both crimes. *See United States v. McNair*, 605 F.3d 1152 (11th Cir.2010) (noting that the [Supreme] Court's decision in *Sun–Diamond* sought to distinguish legal gratuities (given to curry favor of an official's position) from illegal gratuities (given because of a specific act) but that concern is diminished because Section 666 contains a corrupt intent requirement).

Finally, the 1972 Explanatory Comment to Section 4701 states that this section "does not apply to situations where the law contemplates payment of fees to the public servant for his services or to tips given to a public servant." *Commonwealth v. D'Angelo*, 401 Pa.Super. 409, 585 A.2d 525 (1991), discusses the difference between bribery and the custom of giving gratuities or tipping. There, the Superior Court held that the defendant had not accepted a bribe because there was no evidence that he either offered to perform or performed an illegal act or violated a known duty. Rather, the defendant only offered services and information available to the general public and urged the undercover police officer to abide by all laws and regulations. The Superior Court concluded that the defendant received a legal gratuity for his services. Thus, unlike bribery, the custom of tipping lacks a requirement of corrupt intent.

The current case is not a tipping or legal gratuity situation wherein Petitioner provided advice or services to a member of the public as part of his normal duties. Rather both the criminal complaint filed against Petitioner and the criminal information to which he plead guilty state that he knowingly, intentionally and corruptly accepted $5000 in connection with the awarding of contracts by the Pittston Area School District. R.R. at 22a; R.R. at 24a.

The criminal information alleges both bribery and illegal gratuity as it states that Scarantino accepted the benefit "intending to be influenced *and* rewarded in connection with the awarding of contracts by the Pittston Area School District." R.R. at 24a; Criminal Information at ¶ 5 (emphasis added). It is immaterial whether Petitioner intended to be rewarded rather than being influenced given that bribery under Section 4701 and bribery and illegal gratuity under Section 666 all criminalize corrupt acceptance of a monetary benefit. It is the corrupt intent of the perpetrator that distinguishes legal and illegal behavior. By accepting $5000 Petitioner clearly exhibited a lack of honesty and integrity that the public expects of its officials and is necessary for the effective function of government.

■■ Next, Petitioner argues that the federal catchall provision found in Section 2 of the Forfeiture Act is unconstitutionally vague. A statute that fails to define unlawful conduct with sufficient definiteness to enable an ordinary person to understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement is void for vagueness. *Burkholder v. Dep't of Agric.*, 989 A.2d 73 (Pa.Cmwlth.2010).

Section 2 of the Forfeiture Act enumerates 23 specific crimes related to public office and public employment, which a conviction of will result in the forfeiture of pension benefits. The federal catchall provision states that conviction for commission of federal crimes that are substantially the same as the enumerated crimes also results in forfeiture. The catchall provision does not impermissibly expand the universe of prohibited conduct, as an individual who has been convicted of committing a federal crime that is substantially the same to the enumerated crimes has engaged in the same conduct that would

have led to conviction under Pennsylvania law. Section 2 of the Forfeiture Act has sufficiently defined the unlawful conduct which results in the forfeiture of pension benefits and is not unconstitutionally vague.

■ Petitioner also argues that the federal catchall provision is an impermissible delegation of legislative authority in violation of Article II, Section 1 of the Pennsylvania Constitution, which provides: "The legislative power of this Commonwealth shall be vested in a General Assembly, which shall consist of a Senate and a House of Representatives." The General Assembly cannot constitutionally delegate the power to make law to any other branch of government or to any other body or authority. *Nat'l Ass'n of Forensic Counselors v. State Bd. of Soc. Workers*, 814 A.2d 815 (Pa.Cmwlth.2003). However, the General Assembly may "confer authority and discretion in connection with the execution of the law; it may establish primary standards and impose upon others the duty to carry out the declared legislative policy in accordance with the general provisions of the act." *Belovsky v. Redev. Auth.*, 357 Pa. 329, 342, 54 A.2d 277, 284 (1947). Such permissible delegation requires that (1) the basic policy choices must be made by the General Assembly, and (2) the "legislation must contain adequate standards which will guide and restrain the exercise of the delegated administrative functions." *Nat'l Ass'n of Forensic Counselors*, 814 A.2d at 821–22 [quoting *Chartiers Valley Joint Sch. v. County Bd. of Sch. Dirs.*, 418 Pa. 520, 529, 211 A.2d 487, 493 (1965) ].

We conclude that Section 2 of the Forfeiture Act does not constitute an unconstitutional delegation of legislative power. The Legislature made a general policy choice in determining that public employees who commit crimes relating to their public employment should forfeit their public pension benefits. The Legislature provided the standard under which the Board may act by enumerating the crimes which result in forfeiture. The catchall provision does not alter the standards under which the Board may act. The enumerated Pennsylvania crimes establish the scope of impermissible conduct and the catchall encompasses the same prohibited behavior.

■ Finally, Petitioner asserts that the forfeiture of $1.5 million in pension benefits violates Article I, Section 13 of the Pennsylvania Constitution and the Eighth Amendment to the United States Constitution. Article I, Section 13 of the Pennsylvania Constitution provides that: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted." The Eighth Amendment to the United States Constitution provides that "excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." [7] Petitioner argues that the Board should have used the gross disproportionality analysis used in punitive forfeiture cases in determining whether the forfeiture of his pension was an excessive fine.

■ The Excessive Fines Clause of the Eighth Amendment is only implicated if the fine is a punishment. *United States v. Various Computers & Computer Equip.*,

---

7. The Eighth Amendment is made applicable to the states through the Fourteenth Amendment. *Robinson v. California,* 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962). The Pennsylvania Supreme Court has held that

Article I, Section 13 of the Pennsylvania Constitution is coextensive with the Eighth Amendment. *Commonwealth v. 5444 Spruce St.,* 574 Pa. 423, 427–28, 832 A.2d 396, 399 (2003).

82 F.3d 582 (3d Cir.1996). Forfeitures are "fines" if they constitute punishment for an offense. *United States v. Bajakajian,* 524 U.S. 321, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998). The relationship between a public school employee and the PSERS is contractual in nature. *Apgar v. State Employes' Ret. Sys.,* 655 A.2d 185 (Pa. Cmwlth.1994). Section 3(a) of the Forfeiture Act provides for the mandatory disqualification and forfeiture of benefits upon "conviction[ ] or plea[ ] of guilty or no defense to any crime related to public office or public employment." Section 3(b) provides that the conviction or plea is a breach of the public employee's contract with his employer. In order to receive retirement benefits, an employee must satisfy all of the conditions precedent such as minimum retirement age and requisite years of service. *See Thelin v. Borough of Warren,* 118 Pa.Cmwlth. 336, 544 A.2d 1135 (1988) (stating that an employee's pension rights vest when he has satisfied all prerequisites under the plan). An additional condition precedent for eligibility to receive pension benefits is that an employee cannot have been convicted of one of the enumerated crimes or a substantially the same federal crime. *Commonwealth v. Abraham,* — Pa. ——, 58 A.3d 42, 49 (2012). Such a conviction breaches the employee's contract and renders him ineligible to receive pension benefits.

With regard to public corruption, the Pennsylvania Supreme Court has stated:

> As a reasonable condition of public employment, the employee reaffirms his commitment to perform his job with honesty and integrity every time he or she begins a new term of office, receives a promotion or appointment, or experiences a change in job classification ... With each appointment there is a renewal of the agreement to perform the term of public service without violating [the Forfeiture Act]; an agreement which encompasses all that has gone before. Thus ... all previous accumulated rights to receive such benefits are subject to forfeiture by and through the "renewed" agreement....
>
> It is neither unconscionable nor unreasonable to require honesty and integrity during an employee's tenure in public service. Nor is it violative of the Pennsylvania Constitution to provide that at every new term of employment a public official.... renews and amends his or her pension contract to include the new public service and to place at risk that which may have already been earned. Such is the nature of the public employment agreement.

*Shiomos v. State Employes' Ret. Bd.,* 533 Pa. 588, 596, 626 A.2d 158, 162–63 (1993).

The forfeiture of Petitioner's pension was not a fine imposed for conviction of his offense. The federal court sentenced him to a $15,000 fine, a $100 special assessment and 13-month imprisonment. Rather, Petitioner's forfeiture of his pension resulted from a breach of the contract between Petitioner and PSERS.[8] Thus, the forfeiture of pension benefits is not a punitive forfeiture requiring the application of the gross disproportionality analysis.

---

**8.** The courts of several other states have held that forfeiture of a public employee's pension for conviction of a crime relating to public employment does not violate the Eighth Amendment. *Hopkins v. Oklahoma Pub. Employees Ret. Sys.,* 150 F.3d 1155 (10th Cir. 1998); *Hames v. City of Miami,* 479 F.Supp.2d 1276 (S.D.Fla.2007); *West Virginia Pub. Employees Ret. Sys. v. Dodd,* 183 W.Va. 544, 396 S.E.2d 725 (1990) *overruled on other grounds, Booth v. Sims,* 193 W.Va. 323, 456 S.E.2d 167 (1995); *Busbee v. State of Florida, Div. of Ret.,* 685 So.2d 914 (Ct.App.Fla.1996); *Kerner v. State Employees' Ret. Sys.,* 53 Ill. App.3d 747, 11 Ill.Dec. 510, 368 N.E.2d 1118 (1978).

For all of the foregoing reasons, we affirm.

### ORDER

AND NOW, this 4th day of April, 2013, the order of the Pennsylvania Public School Employees' Retirement Board is hereby AFFIRMED.