**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3409
_____

DEBORAH DAILEY,
Appellant

v.

CITY OF PHILADELPHIA; CITY OF PHILADELPHIA BOARD OF PENSIONS AND
RETIREMENT; FRANCIS BIELLI; ROBERT DUBOW; SOZI TULANTE; ALAN
BUTKOVITZ; MICHAEL DIBERARDINIS; ALBERT D'ATTILIO; RONALD
STAGLIANO; BRIAN COUGHLIN; VERONICA PANKEY; CAROL STUKES-
BAYLOR
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:16-cv-01331)
District Judge:  Honorable Mark A. Kearney
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 18, 2020
_____

Before:  SMITH, Chief Judge, CHAGARES, and PORTER, Circuit Judges

(Filed: June 23, 2020)
_____

OPINION[*]
_____

_____

[*]  This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Circuit Judge.

For over thirty years, Deborah Dailey, the Chief Deputy Prothonotary of Philadelphia's court system, contributed to the City of Philadelphia's (the "City") retirement system. After the City's pension board permanently disqualified Dailey from receiving pension benefits based upon her conviction for stealing funds from her employer, Dailey initiated this lawsuit alleging constitutional violations. The District Court upheld the pension disqualification, and we will affirm.

I.

We write for the parties and so recite only the facts necessary to our disposition. In 1979, Dailey began working as a stenographer for the First Judicial District of Pennsylvania (the "FJD"), the City's court system. She worked for the FJD for the next thirty-four years, eventually becoming the Chief Deputy Prothonotary and Clerk of Courts. Throughout her time at the FJD, Dailey made contributions into the City's Retirement System. The City of Philadelphia Public Employees Retirement Code (the "Retirement Code") sets the terms of eligibility for retirement benefits and contributions into the Retirement System by the City and members. It also sets terms for disqualification from receiving retirement or any other benefits from the Retirement System.

Between February and May 2014, Dailey admittedly stole over $73,000 from the FJD by using its credit card without authorization. The FJD terminated Dailey on May 14, 2014, when it learned of her conduct. She repaid the FJD in full before pleading

2

guilty on February 18, 2015, to theft by unlawful taking or disposition of movable property under 18 Pa. Cons. Stat. § 3921(a), a third-degree felony.

Four months after entering her guilty plea, Dailey applied for early optional retirement benefits and received payments of pension benefits for three months. On September 17, 2015, however, the Board of Pensions and Retirement (the "Board") voted to disqualify permanently Dailey's pension eligibility under Retirement Code Sections 22-1302(1)(a)(.4) and (.5) based on her guilty plea. Section 22-1302(1)(a)(.4) disqualifies pensioners found guilty of "[t]heft, embezzlement, willful misapplication, or other illegal taking of funds or property of the City." Section 22-1302(1)(a)(.5) provides that "no employee . . . shall be entitled to receive any retirement or other benefit or payment of any kind except a return of contribution paid into the Retirement System, without interest, if such employee: (a) pleads or is finally found guilty . . . in any court, to . . . (.5) [m]alfeasance in office or employment" (the "Malfeasance Provision").

Dailey challenged the Board's determination in state and federal court. After the Commonwealth Court of Pennsylvania upheld the Board's disqualification, the District Court granted the City's motion for summary judgment. The District Court first held that the Malfeasance Provision is not unconstitutionally vague under the Fourteenth Amendment because it is inconceivable that "a person of common intelligence 'must necessarily guess' the theft of over $73,000 from her public employer constitutes 'malfeasance in office or employment' disqualifying her from the City's Retirement System." Joint Appendix ("App.") 26. The District Court also rejected Dailey's Excessive Fines Clause claim, finding that pension disqualification is not a "fine" subject

3

to an Eighth Amendment analysis. Finally, the District Court held that Dailey's Fifth Amendment Takings Clause claim failed because she lacked a property interest in receiving pension benefits where she did not satisfy a condition precedent to receiving those benefits. This timely appeal followed.

## II.

The District Court had jurisdiction under 28 U.S.C. § 1331, and we have appellate jurisdiction under 28 U.S.C. § 1291. "We review a district court's grant of summary judgment de novo, applying the same standard the district court applied." Edmonson v. Lincoln Nat'l Life Ins., 725 F.3d 406, 420 n.12 (3d Cir. 2013) (quotation marks omitted). "Summary judgment is appropriate when there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." Id.

## III.

Dailey contends that the District Court erred because the Malfeasance Provision in the City's Retirement Code is void for vagueness under the Fourteenth Amendment's Due Process Clause. Dailey also claims that disqualifying her from receiving pension benefits violates the Eighth Amendment's prohibition on excessive fines and the Fifth Amendment's Takings Clause. We address each argument in turn.

## A.

Dailey first argues that the Malfeasance Provision is unconstitutionally vague because it did not provide adequate notice of the conduct it proscribed, and people "of common intelligence must necessarily guess at its meaning and differ [as] to its application." Dailey Br. 43 (quotation marks omitted). We disagree.

4

"In determining whether a statute is unconstitutionally vague, we look to the law as a whole to determine whether a person of ordinary intelligence may be able to ascertain the meaning of the challenged terms." CMR D.N. Corp. v. City of Philadelphia, 703 F.3d 612, 631 (3d Cir. 2013). However, "[t]hat an ordinance may contain some ambiguities does not render it impermissibly vague." Id. at 631–32. Rather, "it must be so vague as to be 'no rule or standard at all.'" Id. at 632 (quoting Boutilier v. INS, 387 U.S. 118, 123 (1967)). Additionally, in evaluating a vagueness challenge to a state law, "a federal court must, of course, consider any limiting construction that a state court . . . has proffered." Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 494 n.5 (1982).

And, in 2007, the Commonwealth Court of Pennsylvania rejected the argument that "[m]alfeasance in office" as used in section 22-1302 can only be understood as a limited reference to the common law crime of malfeasance in office. See Merlino v. Phila. Bd. of Pensions & Ret., 916 A.2d 1231, 1234–35 (Pa. Commw. Ct. 2007). The court held that "[m]alfeasance must be construed according to its common and approved usage," which is "the commission of a wrongful and unlawful act," especially wrongdoing or misconduct by a public official. Id. at 1235; see also Bellis v. Bd. of Pensions & Ret., 634 A.2d 821, 825 (Pa. Commw. Ct. 1993) (defining malfeasance as "either the breach of a positive statutory duty or the performance by a public official of a discretionary act with an improper or corrupt motive" (quotation marks omitted)).

Dailey had sufficient notice, therefore, that she could be disqualified from receiving her pension under the Malfeasance Provision for actions other than being

convicted of the common law crime of malfeasance in office, and that her theft would constitute such a malfeasant act. See, e.g., Merlino, 916 A.2d at 1235 (upholding termination of former city employee's pension under the Malfeasance Provision, even though the employee had not been found guilty of the common law crime of malfeasance); Bellis, 634 A.2d at 825–26 (same, and noting that "it is the underlying illegal act and not the particular crime which forms the basis for a forfeiture").[1]  Someone in Dailey's position would not have to guess that stealing $73,000 from her employer constitutes "[m]alfeasance in office or employment" resulting in pension disqualification under section 22-1302(1)(a)(.5).

B.

Dailey next argues that the City's decision to disqualify her from receiving her pension constituted an excessive fine in violation of the Eighth Amendment.  We are not persuaded.

Excessive fine challenges involve a two-step inquiry:  (1) whether a "fine" is at issue — that is, whether the government, acting with punitive intent, has operated to

---

[1]  Giaccio v. Pennsylvania, 382 U.S. 399 (1966), relied on by Dailey, does not compel a different conclusion.  Giaccio involved an 1860 Pennsylvania statute, which applied in all misdemeanor criminal cases and required juries in all cases of acquittals to "determine . . . whether the county, or the prosecutor, or the defendant shall pay the [court] costs." Id. at 400–01.  The Supreme Court held the statute was void for vagueness, explaining that "it is so vague and standardless that it leaves the public uncertain as to the conduct it prohibits or leaves judges and jurors free to decide, without any legally fixed standards, what is prohibited and what is not in each particular case." Id. at 402–03.  Here, by contrast, the Malfeasance Provision and the decades of Pennsylvania caselaw interpreting "[m]alfeasance in office" give employees sufficient notice of what types of conduct are prohibited and may result in pension disqualification.

6

"extract [a] payment[]" in cash or in kind from a citizen; and (2) if so, whether that fine is excessive, or grossly disproportionate to the gravity of the offense. United States v. Bajakajian, 524 U.S. 321, 328, 334 (1998). Dailey cannot satisfy the threshold step of this inquiry because disqualifying her from receiving benefits is not a "fine" — it did not "extract [a] payment[]" from her. Id. at 328. Indeed, the forfeited pension is not property that ever belonged to her. See Hopkins v. Okla. Pub. Emps. Ret. Sys., 150 F.3d 1155, 1162 (10th Cir. 1998) (noting that the Excessive Fines Clause "applies only when the payment to the government involves turning over 'property' of some kind that once belonged to the defendant"). Rather, the disqualification flowed from Dailey's failure to satisfy all conditions necessary to qualify for her pension, when she did not refrain from certain criminal conduct in office as required by Retirement Code Section 22-1302.

State law defines the nature of the benefits or property at issue, and in Pennsylvania, contract law defines an employee's entitlement to pension benefits. See Scarantino v. Pub. Sch. Emps.' Ret. Bd., 68 A.3d 375, 385 (Pa. Commw. Ct. 2013) (interpreting Pennsylvania's Public Employee Pension Forfeiture Act). The court in Scarantino concluded that to receive retirement benefits, an employee must satisfy all conditions precedent, like age and years of service, as well as another condition: "that an employee cannot have been convicted of one of the enumerated crimes or a substantially the same federal crime." Id. "Such a conviction breaches the employee's contract and renders him ineligible to receive pension benefits." Id.

Because Dailey did not satisfy the conditions required to receive her pension, her pension is not property that ever belonged to her. Cf. Commonwealth v. Abraham, 62

7

A.3d 343, 352 (Pa. 2012) (explaining that pension forfeiture is not "viewed as [punitive]" because the employee "is not losing something he already had in hand — he is not getting something he would have received but for his misconduct"). And disqualifying Dailey from receiving her pension, therefore, was not a fine within the meaning of the Eighth Amendment. See also Miller v. State Emps. Ret. Sys., 137 A.3d 674, 680–81 (Pa. Commw. Ct. 2016) (holding that the Excessive Fines Clause of the Eighth Amendment was not implicated where state judge's pension was forfeited under the state counterpart to section 22-1302, after he pleaded guilty to federal mail fraud).[2]

C.

Finally, Dailey claims that the City violated the Fifth Amendment's Takings Clause when it disqualified her from receiving pension benefits. "To succeed on a takings claim, the plaintiff[] must first show that a legally cognizable property interest is affected by the Government's action in question." Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018) (quotation marks omitted). We again look to Pennsylvania law to determine the property interest at issue. See id. at 151–52. And as discussed above, under Pennsylvania law, Dailey's pension was not her unconditional property. Rather, because Dailey's relationship with the City's Retirement System was contractual in nature, and because she did not satisfy all conditions precedent to

---

[2] Although Dailey argues that pension disqualification is a fine because she has a "legitimate claim of entitlement" to her pension, Dailey Br. 26, as the Pennsylvania Supreme Court has explained, "[e]ntitlement to the compensation that is deferred . . . is not without conditions, the relevant one being that the employee not commit any of the enumerated crimes," Abraham, 62 A.3d at 349–50. And Dailey did not satisfy the conditions necessary to be entitled to her pension.

8

eligibility given the disqualifying act she committed, she has no legally cognizable property interest in her pension. Cf. Abraham, 62 A.3d at 349; Miller, 137 A.3d at 681; Scarantino, 68 A.3d at 385; see also Horsley v. Phila. Bd. of Pensions & Ret., 510 A.2d 841, 844 (Pa. Commw. Ct. 1986), aff'd, 546 A.2d 1115 (Pa. 1988) (affirming pension board's decision to terminate a Philadelphia employee's pension after he pleaded guilty to conspiracy to violate Hobbs Act).

As the Commonwealth Court has explained under similar circumstances, the Board "applied express disqualification provisions to an employee whose entire employment career with the [C]ity had been subject to those provisions," and held that "because the employee forfeited [her] pension benefits because [s]he violated an express contractual duty of faithfulness, [her] assertion of an unlawful forfeiture also must fail." Horsley, 510 A.2d at 844. Accordingly, Dailey has no legally cognizable property interest in a pension for which she never satisfied the conditions precedent to eligibility. And without a protectable property interest, Dailey's claim based on the Takings Clause necessarily fails.

## IV.

Because Dailey's constitutional claims fail on the merits, we need not consider the other arguments made by the parties on appeal. Having reviewed all evidence in the light most favorable to Dailey, we will affirm the District Court's grant of summary judgment in favor of the City.