## LUZERNE COUNTY RETIREMENT BOARD

### v.

### Dolores SEACRIST, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 25, 2009.

Decided Jan. 27, 2010.

Bruce J. Phillips, Wilkes Barre, for appellant.

Donald G. Karpowich, Sean W. Logsdon, and Kevin M. Walsh, Jr., Drums, for appellee.

BEFORE: LEADBETTER, President Judge, and KELLEY, Senior Judge, and QUIGLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Dolores Seacrist appeals from an order of the Court of Common Pleas of Luzerne County (trial court), which granted Luzerne County Retirement Board's (Board) motion for summary judgment, upon determining that Seacrist was disqualified from receiving pension benefits. We affirm.

The facts of this case are not in dispute. Seacrist was a Luzerne County employee from October 27, 1986 until December 31, 2005 when she resigned. On October 28, 2005, Seacrist was charged with various crimes stemming from certain actions she engaged in on October 13, 2004, while an employee of Luzerne County. Seacrist was ultimately convicted on August 17, 2006.

Following her resignation, Seacrist filed an application with the Board for the payment of her vested pension benefits. On September 25, 2007, the Board voted to approve Seacrist's pension benefits and issued a check to her representing payment of the first monthly pension benefits due. On November 13, 2007, the Board voted to rescind its approval and filed an action

seeking declaratory judgment with the trial court seeking to determine whether the Public Employee Pension Forfeiture Act[1] (Pension Act) prohibits Seacrist from receiving retirement benefits based upon her August 17, 2006 conviction for attempt or conspiracy to commit "crimes related to public office or employment." Seacrist was found guilty of the following criminal offenses:

1. Securing Execution of Documents by Deceptions (18 Pa.C.S. § 4114);

2. Criminal Conspiracy to Commit Securing Execution of Documents by Deception (18 Pa.C.S. § 903; 18 Pa. C.S. § 4114);

3. Criminal Attempt to Commit Tampering with Public Records or Information (18 Pa.C.S. § 901; 18 Pa.C.S. § 4911(a)(1), (2), (3));

4. Criminal Conspiracy to Commit Obstructing Administration of Law or Other Governmental Function (18 Pa.C.S. § 903; 18 Pa.C.S. § 5101); and

5. Criminal Attempt to Commit Obstructing Administration of Law or Other Governmental Function (18 Pa.C.S. § 903; 18 Pa.C.S. § 5101).

Seacrist was *not* convicted of Tampering with Public Records or Information (18 Pa.C.S. § 4911(a)(1), (2), (3)) or Obstructing Administration of Law or Other Governmental Function (18 Pa.C.S. § 5101).

Before the trial court, both parties filed motions for summary judgment. The trial court determined that Seacrist was disqualified from receiving a pension under the Pension Act because she was convicted of crimes related to public employment including criminal offenses relating to tampering with public records or information and obstructing administration of law or

---

1. Act of July 8, 1978, P.L. 752, *as amended,* 43 P.S. §§ 1311–1315.

other governmental function. The trial court rejected Seacrist's argument that she is entitled to benefits because she was not found guilty of committing a tampering or obstruction crime, but merely the criminal attempt and conspiracy to commit those crimes.[2] By Order dated January 28, 2009, the trial court granted the Board's motion, but denied Seacrist's. This appeal now follows.[3]

Seacrist contends that the trial court erred in expanding the scope of the applicability of Section 3(a) of the Pension Act, 43 P.S. § 1313(a), to conclude that she was disqualified from receiving her pension benefits because she was not found guilty of committing the offenses enumerated in the Pension Act, but merely the criminal attempt and conspiracy to commit those crimes. We disagree.

■ The purpose of the Pension Act is to deter criminal conduct in public employment by causing a forfeiture of pension benefits to which a public official or public employee would otherwise be entitled. Section 3(a) of the Pension Act provides:

Notwithstanding any other provision of law, no public official or public employee nor any beneficiary designated by such public official or public employee shall be entitled to receive any retirement or other benefit or payment of any kind except a return of the contribution paid into any pension fund without interest, *if such public official or public employee is convicted or pleads guilty or no defense to any crime related to public office or public employment.*

43 P.S. § 1313(a) (emphasis added). The Pension Act defines "Crimes related to public office or public employment" as:

Any of the criminal offenses as set forth in the following provisions of Title 18 (Crimes and Offenses) of the Pennsylvania Consolidated Statutes or other enumerated statute when committed by a public official or public employee through his public office or position or when his public employment places him in a position to commit the crime:

\*　　\*　　\*

Section 4911 (relating to tampering with public records or information).[4]

\*　　\*　　\*

Trial court opinion at 8–9.

2. The trial court opined:
It is evident that [Seacrist] firmly intended to commit the crimes of Tampering with Public Records or Information, and Obstructing Administration of Law or Other Government Function. She acted with the conscious purpose of completing her illegal objective. She did not accomplish her goal, not for lack of trying, but because the intervention of an astute employee at the Pennsylvania State Police Criminal Records Repository, whose actions thwarted [Seacrist]'s criminal scheme. Had that certain employee been inattentive and unobservant that particular day, [Seacrist]'s plan and overt acts would surely have succeeded.
[Seacrist] should not be rewarded with a pension, because she was caught in the midst of her criminal enterprise before the intended illegal goal could be accomplished.

3. Our scope of review of a grant or denial of a motion for summary judgment is limited to determining whether the trial court committed an error of law or abused its discretion. *Salerno v. LaBarr*, 159 Pa.Cmwlth. 99, 632 A.2d 1002 (1993), *petition for allowance of appeal denied*, 537 Pa. 655, 644 A.2d 740 (1994). Summary judgment is only appropriate when, after examining the record in the light most favorable to the non-moving party, there is no genuine issue of material fact, and the moving party clearly establishes that he is entitled to judgment as a matter of law. *Id.*

4. Section 4911 provides:
(a) Offense defined.—A person commits an offense if he:
(1) knowingly makes a false entry in, or false alteration of, any record, document or

Section 5101 (relating to obstructing administration of law or other governmental function).[5]

Section 2 of the Pension Act, 43 P.S. § 1312.

■ Here, Seacrist was found guilty of *attempting* to commit Tampering with Public Records or Information and with *attempting and conspiring* to commit Obstructing Administration of Law or Other Governmental Function. The crimes of Tampering with Public Records or Information and Obstructing Administration of Law or Other Governmental Function are expressly included in the definition of "Crimes related to public office or public employment" in the Pension Act. While the crimes of attempt and conspiracy are not specifically included in the Pension Act, these offenses fall squarely within the type of conduct the Pension Act seeks to deter.

The main difference between inchoate crimes and the underlying crimes to which they relate is the execution of the underlying crime itself. Under the Crimes Code, "[a] person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime."

Section 901 of the Crimes Code, 18 Pa.C.S. § 901. With regard to criminal conspiracy, the Crimes Code provides:

A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:

(1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

(2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

Section 903 of the Crimes Code, 18 Pa.C.S. § 903.

■ Attempt and conspiracy both require the same *mens rea* as the underlying substantive crimes. Attempt and conspiracy are treated as crimes of the same grade and degree of the most serious offense which is attempted or is an object of the conspiracy. Section 905 of the Crimes Code, 18 Pa.C.S. § 905. Both carry the same maximum sentences as the underlying crimes to which they relate.[6] Section

---

thing belonging to, or received or kept by, the government for information or record, or required by law to be kept by others for information of the government;

(2) makes, presents or uses any record, document or thing knowing it to be false, and with intent that it be taken as a genuine part of information or records referred to in paragraph (1) of this subsection; or

(3) intentionally and unlawfully destroys, conceals, removes or otherwise impairs the verity or availability of any such record, document or thing.

(b) Grading.—An offense under this section is a misdemeanor of the second degree unless the intent of the actor is to defraud or injure anyone, in which case the offense is a felony of the third degree.

18 Pa.C.S. § 4911.

5. Section 5101 provides:

A person commits a misdemeanor of the second degree if he intentionally obstructs, impairs or perverts the administration of law or other governmental function by force, violence, physical interference or obstacle, breach of official duty, or any other unlawful act, except that this section does not apply to flight by a person charged with crime, refusal to submit to arrest, failure to perform a legal duty other than an official duty, or any other means of avoiding compliance with law without affirmative interference with governmental functions.

6. The crimes of Tampering with Public Records or Information and Obstructing Administration of Law or Other Governmental Function are both misdemeanors of the second degree. Section 4911 of the Crimes Code, 18 Pa.C.S. § 4911; Section 5101 of the Crimes Code, 18 Pa.C.S. § 5101. A person convicted

905 of the Crimes Code, 18 Pa.C.S. § 905; *Commonwealth v. Hoke*, 599 Pa. 587, 962 A.2d 664 (2009). Since the crimes of attempt and conspiracy are subject to the same criminal sentences as the underlying substantive crimes, it logically follows they would also be subject to the same civil consequences. To conclude otherwise would defeat the very purpose of the Pension Act. Hence, any public official or public employee who is convicted of attempting or conspiring to commit any of the criminal offenses enumerated in the Pension Act is subject to pension forfeiture under the Pension Act. We, therefore, conclude that the trial court did not err or abuse its discretion in determining that Seacrist was disqualified from receiving a pension under the Pension Act and that the Board was entitled to judgment as a matter of law.

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this 27th day of January, 2010, the order of the Court of Common Pleas of Luzerne County, at Docket No. 13097 of 2007, dated January 28, 2009, is AFFIRMED.

of a misdemeanor of the second degree may be sentenced to a term of imprisonment, the maximum of which is not more than two years. Section 106(b)(7) of the Crimes Code, 18 Pa.C.S. § 106(b)(7).