IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard W. Como,                             :
                    Petitioner              :
                                            :
            v.                              :
                                            :
Public School Employees'                    :
Retirement Board,                           :    No. 43 C.D. 2022
                    Respondent              :    Submitted: August 19, 2022


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                      FILED:  January 6, 2023


        Richard W. Como (Como) petitions this Court for review of the Public

School Employees' Retirement Board's (Board) December 28, 2021 order granting

the Public School Employees' Retirement System's (PSERS) Motion for Summary

Judgment (Motion), and denying Como's appeal from his pension forfeiture

pursuant to the Public Employee Pension Forfeiture Act (Forfeiture Act).[1]

Essentially, the issue before this Court is whether the Board erred by granting

PSERS' Motion.[2]  After review, this Court affirms.

_____

[1] Act of July 8, 1978, P.L. 752, *as amended*, 43 P.S. §§ 1311-1315.  Because the Forfeiture
Act directs that all benefits be forfeited, Como also was no longer eligible for coverage through
PSERS' Health Options Program, which was available to him only through his status as a PSERS
annuitant.

[2] Como presents five issues in his Statement of Questions Involved: (1) whether the Board
erred by holding that Como's *entire* pension shall be forfeited due to criminal conduct he
committed after a break in his public employment; (2) whether Como's due process rights were
violated because the Board did not afford him a hearing on the issue of whether his superintendent
appointment was a break from his past school employment; (3) whether Sections 2 and 3 of the

**Background**

Como was enrolled in PSERS as a public school employee from September 1969 to June 1983, when he retired and began receiving retirement benefits. When Como returned to public school service in June 1986, his retirement benefits ceased, his annuity was frozen, and he was reenrolled in PSERS pursuant to the Public School Employees' Retirement Code (Retirement Code).[3] Como remained in public school service in various capacities in two school districts and was eventually appointed Coatesville Area School District (Coatesville) superintendent from 2005 until he resigned in September 2013. Como filed a retirement application in October 2013, and began receiving monthly benefits effective November 30, 2013.

In December 2014, Chester County detectives filed a police criminal complaint against Como in the Chester County Common Pleas Court, charging him with numerous crimes he committed in 2012 and 2013, in his capacity as Coatesville superintendent. *See* Reproduced Record (R.R.) at 204a-234a.[4] On January 16, 2018, the Chester County District Attorney filed an amended information against Como. *See* R.R. at 235a-242a. On January 26, 2018, a jury found Como guilty of, *inter alia*, two felony counts for theft by failure to make required disposition of funds

---

Forfeiture Act, 43 P.S. §§ 1312-1313, are unconstitutional under the Fourteenth Amendment to the United States (U.S.) Constitution; (4) whether Sections 2 and 3 of the Forfeiture Act result in excessive fines under the Eighth Amendment to the U.S. Constitution and article I, section 13 of the Pennsylvania Constitution; (5) whether the forfeiture of his pension earned from 1969 to 2005 violated the impairment of contracts provisions in Article I, Section 10 of the U.S. Constitution and article I, section 17 of the Pennsylvania Constitution. *See* Como Br. at 4-8. Because these issues are subsumed in the issue as phrased by this Court, they will be addressed accordingly.

[3] 24 Pa.C.S. §§ 8101-8547.

[4] Pennsylvania Rule of Appellate Procedure (Rule) 2173 specifies: "[T]he pages of . . . the reproduced record . . . shall be numbered separately in Arabic figures . . . thus 1, 2, 3, etc., followed in the reproduced record by a small a, thus 1a, 2a, 3a, etc." Pa.R.A.P. 2173. Como's Reproduced Record page numbers do not fully comply with Rule 2173. This Court will refer to them herein as Rule 2173 requires.

2

received, in violation of Section 3927(a) of the Crimes Code, 18 Pa.C.S. § 3927(a), and two felony counts relating to criminal attempt to commit theft by failure to make required disposition of funds, in violation of Sections 901 and 3927(a) of the Crimes Code, 18 Pa.C.S. §§ 901a, 3927(a), which are forfeitable offenses under the Forfeiture Act.[5] *See* R.R. at 134a-139a. On March 16, 2018, Como was sentenced to a prison term followed by probation and ordered to repay funds and pay restitution.[6] *See* R.R. at 140a-147a.

At the time Como committed his criminal offenses, Section 3 of the Forfeiture Act declared, in pertinent part:[7]

> (a) Notwithstanding any other provision of law, **no public official or public employee**[8] . . . **shall be entitled to receive any retirement or other benefit or payment of any kind** except a return of the contribution paid into any pension fund without interest, **if such public official or public employee is convicted** [of] . . . **any crime related to public office or public employment**.
>
> (b) **The benefits shall be forfeited** . . . **upon initial conviction** and no payment or partial payment shall be made during the pendency of an appeal. . . .
>
> (c) **Each time a public officer or public employee** is elected, appointed, promoted, or otherwise **changes a job**

---

[5] Como was also found guilty of 12 additional counts of crimes that were not forfeitable under the Forfeiture Act when he committed them.

[6] Como appealed to the Pennsylvania Superior Court, which upheld his conviction on November 23, 2020. *See Commonwealth v. Como* (Pa. Super. No. 1687 EDA 2018, filed Nov. 23, 2020), On September 14, 2021, the Pennsylvania Supreme Court denied Como's petition for allowance of appeal. *See id.*, *appeal denied*, 263 A.3d 242 (Pa. 2021).

[7] By Section 5 of the Act of March 28, 2019, P.L. 1, the General Assembly amended Section 3 of the Forfeiture Act. Because the amendment was effective March 28, 2019, this Court quotes the pre-amendment language.

[8] Section 2 of the Forfeiture Act defines *public employee* to include "[a]ny person who is elected or appointed to any public office or employment[,]" including "all persons who are members of any retirement system funded in whole or in part by the Commonwealth or any political subdivision." 43 P.S. § 1312. The parties do not dispute that Como was a public employee when he committed the forfeitable crimes.

3

**classification, there is a termination and renewal of the contract for purposes of this [Forfeiture A]ct.**

43 P.S. § 1313 (emphasis added).

Section 2 of the Forfeiture Act[9] defined *crimes related to public office or public employment* to include

> [a]ny of the criminal offenses as set forth in the following provisions of [the Crimes Code] or other enumerated statute when committed by a public official or public employee through his public office or position or when his public employment places him in a position to commit the crime:
>
> . . . .
>
> Section 3927 [of the Crimes Code] (relating to theft by failure to make required disposition of funds received) when the criminal culpability reaches the level of a misdemeanor of the first degree or higher.

43 P.S. § 1312 (emphasis added). Although crimes of attempt under Section 901 of the Crimes Code are not specifically listed among the forfeitable offenses in Section 2 of the Forfeiture Act, this Court has held that "any public official or public employee who is convicted of attempting . . . to commit any of the criminal offenses enumerated in the [Forfeiture] Act is subject to pension forfeiture under the [Forfeiture] Act." *Luzerne Cnty. Ret. Bd. v. Seacrist*, 988 A.2d 785, 789 (Pa. Cmwlth. 2010).

By March 21, 2018 letter, PSERS notified Como that because his convictions were forfeitable offenses, PSERS terminated his retirement benefits effective March 16, 2018. *See* R.R. at 45a-46a. On April 11, 2018, Como filed an

---

[9] By Section 5 of the Act of March 28, 2019, P.L. 1, the General Assembly expanded the list of forfeitable crimes in Section 2 of the Forfeiture Act to include all Pennsylvania crimes classified as felonies or punishable by an imprisonment term exceeding five years, and all federal crimes and crimes of other states that are substantially similar. The amendment applies to crimes committed after the March 28, 2019 effective date. Because Como committed his crimes before that effective date, his appeal was addressed under the prior law.

appeal with PSERS' Executive Staff Review Committee (ESRC), arguing that since he worked for more than one public school employer, he changed job classifications, he had breaks in employment, and his misconduct occurred only during a portion of his employment, he should only be required to forfeit a portion of his pension. *See* R.R. at 48a-53a. Como further asserted that forfeiture of his entire pension under the circumstances was unconstitutional, and that PSERS should not render a decision until he exhausted his criminal appeals. *See id.*

By June 18, 2018 letter, PSERS informed Como that since he forfeited his retirement benefits under the Forfeiture Act, he was also no longer eligible for coverage through PSERS' Health Options Program (HOP). *See* R.R. at 54a-55a. On June 29, 2018, Como appealed from the health coverage denial, making the same claims he asserted in his April 11, 2018 appeal and requesting reinstatement of his medical benefits. *See* R.R. at 56a-57a.

By April 26, 2019 letter, ESRC denied Como's appeals, explaining that his right to PSERS retirement benefits was subject to the Forfeiture Act, which mandates that all benefits payable to a public employee must be forfeited if the employee is convicted of a crime related to public office or public employment enumerated in the Forfeiture Act. *See* R.R. at 64a-67a. On May 14, 2019, Como appealed from ESRC's determination to the Board, again reiterating the arguments he made to ESRC. *See* R.R. at 68a-71a. On May 21, 2019, PSERS filed an answer to Como's appeal. *See* R.R. at 116a-125a.

On May 10, 2021, PSERS filed the Motion with the Board, arguing that there are no disputed material facts, and PSERS is entitled to judgment in its favor as a matter of law. *See* R.R. at 78a-96a. On June 3, 2021, Como opposed PSERS' Motion and requested a hearing, asserting that the question of whether his superintendent appointment was a break in employment was a disputed fact. *See* R.R. at 97a-115a. Como further argued that PSERS was not entitled to judgment in

5

its favor as a matter of law where the Board lacked the authority to rule on the Forfeiture Act's constitutionality, and PSERS violated his due process rights by taking all of his pension when there were breaks in his public school employment and his misconduct occurred only when he was superintendent. *See id.*

By July 15, 2021 order, the Board designated Hearing Examiner Michael T. Foerster, Esquire (Hearing Examiner) to make a recommendation regarding the Motion. After the parties filed proposed findings of fact and conclusions of law, on September 20, 2021, the Hearing Examiner issued an Opinion and Recommendation (Recommendation), proposing that the Board grant PSERS' Motion and dismiss Como's appeal because the Forfeiture Act mandated that Como forfeit his entire pension, and because the Board lacked the authority to rule on the Forfeiture Act's constitutionality.[10] *See* R.R. at 23a-45a. The parties were given 30 days to file briefs on exceptions to the Hearing Examiner's Recommendation.

On October 13, 2021, Como filed a Brief on Exceptions (Exceptions) and a hearing request. *See* R.R. at 148a-166a. In lieu of a formal brief, PSERS filed a letter brief in response to Como's Exceptions stating therein that the Exceptions raised issues PSERS already addressed in the Motion. *See* R.R. at 166a-168a. Without argument, by decision mailed on December 28, 2021, the Board adopted the Hearing Examiner's Recommendation and denied Como's appeal.[11] R.R. at 20a-22a. On January 20, 2022, Como appealed to this Court. *See* R.R. at 5a-18a.

---

[10] The Hearing Examiner also concluded that the Board lacked the authority to delay its determination pending Como's appeals. However, because Como's appeals were no longer pending as of September 14, 2021, that portion of the Recommendation was moot.

[11] However, the Board modified the Hearing Examiner's Recommendation to "change [Como's] conviction date from January 26, 2018, the date he was found guilty, to March 16, 2018, the date [Como] was sentenced." R.R. at 21a.

## Discussion

Initially, Section 201.6(b) of the Board's Regulations authorizes PSERS or Como to file a motion for summary judgment with the Board that conforms with the Pennsylvania Rules of Civil Procedure. *See* 22 Pa. Code § 201.6(b). The purpose of the summary judgment process is to avoid an unnecessary trial/hearing. *See Woodford v. Ins. Dep't*, 243 A.3d 60 (Pa. 2020). Thus, "[s]ummary judgment is only appropriate when, after examining the record in the light most favorable to the non-moving party, there is no genuine issue of material fact, and the moving party establishes that he is entitled to judgment as a matter of law." *Allen v. Pub. Sch. Emps.' Ret. Bd.*, 848 A.2d 1031, 1033 n.7 (Pa. Cmwlth. 2004). "Our scope of review of an order granting or denying a motion for summary judgment is limited to determining whether . . . the Board, committed an error of law or abused its discretion." *Mento v. Pub. Sch. Emps.' Ret. Sys.*, 72 A.3d 809, 812 n.3 (Pa. Cmwlth. 2013) (quoting *Allen*, 848 A.2d at 1033 n.7).

## Entitlement to Judgment as a Matter of Law

Como argued in his appeals to PSERS and the Board, and now this Court, that he should only have to forfeit the benefits he earned while employed as Coatesville's superintendent from 2005 to 2013, because he validly earned his pension during the years he was a teacher, coach, athletic director, assistant principal, and principal from 1969 to 2005, without misconduct, and losing his pension now that he is 76 years old and his only other source of income is social security, "would leave him penniless and is extremely unfair[.]" Como Br. at 22. In addition, Como asserted the following constitutional violations: Sections 2 and 3 of the Forfeiture Act violate the excessive punishment prohibitions in the Eighth Amendment to the U.S. Constitution, U.S. CONST. amend VIII, and article I, section 13 of the Pennsylvania Constitution, PA. CONST. art. I, § 13; Sections 2 and 3 of the

7

Forfeiture Act violate the impairment of contracts provisions in Article I, Section 10 of the U.S. Constitution, U.S. CONST. art. I, § 10, and article I, section 17 of the Pennsylvania Constitution, PA. CONST. art. I, § 17; and the Board violated the due process provisions of the Fourteenth Amendment to the U.S. Constitution (Fourteenth Amendment), U.S. CONST. amend XIV, by resolving this issue on the Motion without a hearing.

In the Motion, PSERS claimed that it was entitled to judgment in its favor because Como forfeited his entire pension upon his conviction on the forfeitable offenses as a matter of law, and PSERS lacks authority to grant partial forfeiture. PSERS also recognized that it lacks authority to determine the Forfeiture Act's constitutionality.[12]

"The purpose of the [Forfeiture] Act is to deter criminal conduct in public employment by causing a forfeiture of pension benefits to which a public official or public employee would otherwise be entitled." *Seacrist*, 988 A.2d at 787. Accordingly, "[the Forfeiture Act] leaves no discretion to any administrative agency once the triggering conviction or guilty plea occurs." *Gierschick v. State Emps.' Ret. Bd.*, 733 A.2d 29, 33 (Pa. Cmwlth. 1999).[13] Moreover, in *Public School Employees' Retirement Board v. Matthews*, 806 A.2d 971 (Pa. Cmwlth. 2002), this Court observed that "[the Forfeiture Act] contains no requirement that the pension benefits that are forfeited be necessarily connected to the public employment related to [the] crime the public employee committed." *Id*. at 975.

---

[12] "[T]he determination of the [facial] constitutionality of enabling legislation is not a function of the administrative agencies thus enabled." *Lehman v. Pa. State Police*, 839 A.2d 265, 275 (Pa. 2003) (quoting *Borough of Green Tree v. Bd. of Prop. Assessments*, 328 A.2d 819, 825 (Pa. 1974)).

[13] "The retirement provisions in the [State Employees' Retirement Code, 71 Pa.C.S. §§ 5101-5958,] are sufficiently similar to those in the . . . Retirement Code that cases involving PSERS . . . may be relied upon when analyzing cases under [the State Employees' Retirement System,]" *Weaver v. State Emps.' Ret. Bd.*, 129 A.3d 585, 593 n.4 (Pa. Cmwlth. 2015), and vice versa. *See Trakes v. Pa. Sch. Emps.' Ret. Sys.*, 768 A.2d 357 (Pa. Cmwlth. 2001).

In *Shiomos v. State Employees' Retirement Board*, 626 A.2d 158 (Pa. 1993), the Pennsylvania Supreme Court explained:

> As a reasonable condition of public employment, the employee reaffirms his [or her] commitment to perform his [or her] job with honesty and integrity every time he or she begins a new term of office, receives a promotion or appointment, or experiences a change in job classification; regardless of whether such public employment is on a full or part-time basis. **With each appointment there is a renewal of the agreement to perform the term of public service without violating [the Forfeiture Act]; an agreement which encompasses all that has gone before**. Thus, whether or not a public employee's right to receive retirement benefits has vested, or he or she is in actual receipt of benefits, all previous accumulated rights to receive such benefits are subject to forfeiture by and through the "renewed" agreement which is formed each time a person chooses to become a "public official" as defined by [Section 2 of the Forfeiture Act].

*Id*. at 162-63 (emphasis added).

Como asserts that *Shiomos* was wrongly decided, and is distinguishable from the instant matter on the basis that the public employee in *Shiomos* was always employed in the same position without a break in public service. *See* Como Br. at 31. However, in *Apgar v. State Employees' Retirement System*, 655 A.2d 185 (Pa. Cmwlth. 1994), this Court reached a similar conclusion in a case involving a public employee who had breaks in service, was promoted, and changed job classifications. Relying on *Shiomos*, the *Apgar* Court stated:

> In 1978 the Legislature enacted [the Forfeiture Act].[14]  In so doing, the legislative branch of this Commonwealth,

---

[14] Como's argument that the Forfeiture Act was adopted "some nine years after [] Como began employment[,]" Como Br. at 26, so it does not apply to his employment that preceded its enactment, lacks merit. This Court has concluded that a public employee

> would still be subject to the terms of [the Forfeiture Act] by virtue of his subsequent acceptance of new positions of public employment. [Section 3(c) of the Forfeiture Act] provides that

speaking for the citizens of the Commonwealth, established that certain types of conduct would not be rewarded. Because criminal conduct committed in the course of one's employment is a violation of the trust the people of the Commonwealth place in their employees, such conduct shall not be sanctioned. [*See* Section 1 of the Forfeiture Act,] 43 P.S. § 1311. . . . **[W]e do not find any language in [the Forfeiture Act] requiring or even suggesting that the [Board] has the power to decline to enforce the proscriptions of [the Forfeiture Act].** We therefore find **the Board did not have authority to act in a discretionary fashion and not impose the sanctions as dictated by** [**the Forfeiture Act**].

*Id.* at 189 (emphasis added).

The Forfeiture Act does not authorize PSERS or the Board to modify its full pension forfeiture mandate, and Como offers no valid legal basis on which this Court may interpret the Forfeiture Act in any other manner. To achieve the result Como suggests would require the General Assembly to amend the Forfeiture Act. Although the General Assembly amended the Forfeiture Act as recently as 2019, it did not authorize partial forfeitures based on equitable or other considerations. Unless and until the General Assembly sees fit to make such a change, under the Forfeiture Act, a public employee forfeits his full pension upon conviction for forfeitable offenses. *See* 43 P.S. § 1313.

Concerning Como's constitutional argument that Sections 2 and 3 of the Forfeiture Act violate the excessive punishment prohibitions in the Eighth

---

"[e]ach time a . . . public employee is elected, appointed, promoted, or otherwise changes a job classification, there is a termination and renewal of the contract for purposes of [the Forfeiture Act]." 43 P.S. § 1313(c).

*Thiel v. State Emps.' Ret. Bd.* (Pa. Cmwlth. No. 740 C.D. 2021, filed Oct. 19, 2022), slip op. at 12. Unreported decisions of this Court issued after January 15, 2008, may be cited as persuasive authority pursuant to Section 414(a) of this Court's Internal Operating Procedures. 210 Pa. Code § 69.414(a). *Thiel* is cited herein for its persuasive value.

10

Amendment to the U.S. Constitution, or article I, section 13 of the Pennsylvania Constitution,

> [this Court] rejected an identical argument in *Scarantino v. Public School Employees' Retirement Board*, 68 A.3d 375 (Pa. Cmwlth. 2013). There, we held that pension forfeiture under [the Forfeiture Act] does not implicate the excessive fines clause because that clause only applies to fines imposed as punishment for a crime. *Id*. at 384-85. Rather than a punitive fine, [a Forfeiture Act] forfeiture is a civil consequence of "a breach of the contract between [the public employee] and . . . [P]SERS." *Id*. at 385; *see also* 43 P.S. § 1313(b) (providing that conviction for [a] crime related to public employment "shall be deemed . . . a breach of a public officer's or public employee's contract with his employer"). We reaffirmed this holding in *Miller* [*v. State Emps.' Ret. Sys.*], 137 A.3d [674,] 680-81 [(Pa. Cmwlth. 2016)], and see no reason to depart from it today. Therefore, we affirm the Board's rejection of [Como's] excessive fines argument.

*Thiel v. State Emps.' Ret. Bd.* (Pa. Cmwlth. No. 740 C.D. 2021, filed Oct. 19, 2022), slip op. at 13.

Further, the *Shiomos* Court ruled that Sections 2 and 3 of the Forfeiture Act do not violate the impairment of contracts prohibitions in Article I, Section 10 of the U.S. Constitution, and article I, section 17 of the Pennsylvania Constitution,[15] stating:

---

[15] Como argues in his Reply Brief that, if the Forfeiture Act is incorporated into every new contract or contract renewal, then contract rules must apply and, under contract law, liquidated damages must have some relationship to actual damages, and unreasonably large liquidated damages (like the value of his pension from 1969 to 2005) are unenforceable as a matter of public policy. *See* Como Reply Br. at 3, 11, 15. However, because Como failed to raise that issue in his Exceptions, it is waived. *See* Section 201.1 of the Board's Regulations, 22 Pa. Code § 201.1 (the General Rules of Administrative Practice and Procedure (GRAPP) apply to Board proceedings); *see also* Section 35.213 of GRAPP, 1 Pa. Code § 35.213 ("Objections to any part of a proposed report which is not the subject of exceptions may not thereafter be raised . . . and shall be deemed to have been waived."); *Lebron v. Pub. Sch. Emps.' Ret. Bd.*, 245 A.3d 300 (Pa. Cmwlth. 2020) (challenges not included in exceptions are waived).

It is neither unconscionable nor unreasonable to require honesty and integrity during an employee's tenure in public service. Nor is it violative of the Pennsylvania Constitution to provide that at every new term of employment a public official or employee renews and amends his or her pension contract to include the new public service and to place at risk that which may have already been earned. Such is the nature of the public employment agreement.

*Shiomos*, 626 A.2d at 163.

Finally, regarding Como's due process violation argument, this Court acknowledges that "the right to due process is as equally applicable to administrative agencies as it is to judicial proceedings, where the fundamental requirements of due process are notice and opportunity to be heard in a meaningful manner." *Higgins v. Pub. Sch. Emps.' Ret. Sys.*, 736 A.2d 745, 753 (Pa. Cmwlth. 1999). Here, PSERS filed the Motion as permitted by Section 201.6(b) of the Board's Regulations. Como had the opportunity to and did file a response to the Motion. He also requested a hearing to establish that his position as Coatesville's superintendent represented a break from his previous public employment. However, the parties *agreed* that Como had breaks in his public employment and various public employment positions.

Although Section 201.12(b) of the Board's Regulations allows a party to request oral argument with his exceptions, *see* 24 Pa. Code § 201.12(b), "[t]he right to oral argument is discretionary with the Board and will be granted to the extent the Board believes it will be helpful in enabling the Board to acquire an understanding of and to resolve the issues." Section 201.12(a) of the Board's Regulations, 22 Pa. Code § 201.12(a).

Here, the Hearing Examiner made specific findings detailing Como's employment history, including all of his breaks in public employment and his appointment as Coatesville's superintendent. *See* Recommendation, Findings of Fact 1-13 (R.R. at 27a-28a). The Hearing Examiner stated that "[t]he parties agree

12

that [Como] worked for different public school employers during his career, had a break in employment, and changed job positions." Recommendation at 15 (R.R. at 40a). The Board, which is the ultimate fact-finder, *see White v. Pub. Sch. Emps.' Ret. Bd.*, 11 A.3d 1 (Pa. Cmwlth. 2010), adopted the Hearing Examiner's findings and denied Como's hearing request, declaring: "Because [Como] does not offer any . . . contradicting material facts, . . . [t]he Board . . . does not believe that oral argument will be helpful in enabling the Board to understand and resolve the issues." Board Op. and Order at 2 (R.R. at 21a).

Based on this Court's review, Como was afforded all necessary due process. A fact-finding hearing in this matter would have been a futile exercise that the Motion was designed to prevent, *see Woodford*, and it would not have altered the Board's understanding of Como's position. Under such circumstances, the Board did not violate Como's Fourteenth Amendment right to due process by resolving his appeal pursuant to the Motion without a hearing.

**Genuine Issue of Material Fact**

In the Motion, PSERS declared that there were no outstanding issues of material fact. Como argued that there was an outstanding issue of material fact - that his superintendent appointment was a break from his past school employment.

"It is the burden of the party moving for summary judgment to prove that no genuine issue of material fact exists." *Stimmler v. Chestnut Hill Hosp.*, 981 A.2d 145, 159 (Pa. 2009). The Board's conclusion in this case turned upon whether Como was convicted of crimes related to his public employment as Coatesville's superintendent. *See* 43 P.S. § 1313(a). As stated above, the parties *agreed* on the those facts, and that Como had breaks in his public employment and various public employment positions. The Board adopted the Hearing Examiner's findings to that effect.

13

In addition, "only disputes as to *material* issues of fact bar summary judgment." *Pyeritz v. Commonwealth*, 956 A.2d 1075, 1079 (Pa. Cmwlth. 2008), *aff'd*, 32 A.3d 687 (Pa. 2011) (emphasis added). "A fact is material only if it directly affects the disposition of the case." *Id.* Because Como's employment breaks and various job positions did not directly affect the disposition of this case, the Board properly concluded that "there is no dispute of material facts between the parties[,]" Board Op. and Order at 1-2 (R.R. at 20a-21a), that precluded the Board from granting PSERS' Motion.

## Conclusion

Examining the record in the light most favorable to Como as the Board was required to do, this Court holds that there was no genuine issue of material fact, and PSERS was entitled to judgment as a matter of law. *See Allen.* Accordingly, the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard W. Como, : 
                Petitioner : 
                 : 
        v. : 
                 : 
Public School Employees' : 
Retirement Board, :    No. 43 C.D. 2022
             Respondent : 

## O R D E R

AND NOW, this 6th day of January, 2023, the Public School Employees' Retirement Board's December 28, 2021 order is affirmed.

 

_____

ANNE E. COVEY, Judge